The opinion of the court was delivered, May 7th 1873, by
Mercur, J.
These two cases were argued together. The facts and principles of law involved are substantially the same in each. The same property is covered by each policy; each is for one year from the 17th of September 1869. The loss occurred January 19th 1870.
The plaintiffs have filed twenty-three assignments of error. We will not consider them separately. The twenty-second and twenty-third assignments are based upon an alleged false representation in the application. As we are not furnished with a copy of the application, we are unable to determine with certainty how far the facts go towards sustaining the allegation. As we understand the whole evidence bearing upon that branch of the case, we cannot see that the court committed any error in holding, that if the applicants fairly represented what they honestly believed, it would, not defeat the action, and that it was not such a statement of a material fact as amounted to a warranty.
All the other assignments, except the first, sixth and seventh, may be considered together. They relate to the value of the interest insured. That the property was of much greater value than the amount of the insurance, does not admit of a question under the evidence; besides, the jury has so found. It is urged, however, by the plaintiffs, that the interest of the lessees therein was of much less value, and that that lesser value only was covered by the insurance. They claim that the value of the lessees’ interest therein was measured by the value of the use thereof, from the time of the loss until the expiration of their term. In this view we cannot concur. The use of the property for the remainder of the term, by no means fixed or defined its value as to them. They had not only a right to its use and enjoyment, but had also assumed an obligation to return and redeliver it in good order and condition at the expiration of the term. If they failed so to do, they were liable to their lessors for its full value. If they redeliver according to the requirements of their lease, they *28 would be discharged from that obligation. They then had a large value in the property superadded to that of its use. Hence the court was correct in charging that the insurable interest of the lessees was to the extent of the value of the property which they were bound to replace.
The right of the insured and the liability of the companies,'were fixed at the time of the loss, provided the requisite notices and proofs were furnished. Such being the case, the evidence referred to in the fifth assignment of error is wholly irrelevant. No arrangement made between the Locust Mountain Coal and Iron Company of the one part, and Goddard & Draper of the other part, after the expiration of the term of the defendants in error, relieved them from their obligations to return the leased property to Goddard & Draper, or pay them its value. The coal breaker, engines, boilers, pumping and hoisting machinery, apparatus and improvements, leased to the defendants in error, were the property of Goddard & Draper, and not the property of the Locust Mountain Coal and Iron Company. If the latter took possession of the leased premises, and released the former from all liability, it was for a valuable consideration paid by Goddard & Draper. It in no wise showed the determination of the estate which the assured had in the lgrnd at the time of the loss; nor of their release from liability for failing to restore the property upon which they had the insurance.
The language of the policy, after describing the property, avers, “ this insurance to cover their working interest in the above-insured property.” The court correctly held this was sufficiently comprehensive to cover the entire insurable interest which the assured had in the property.
The first and sixth assignments relate to the notice and proofs of loss.
We have looked in vain through the testimony to find any evidence of the extent of the powers which the companies gave to their agent Bodey. We find, however, that he was in fact exercising extensive powers. The companies were both foreign corporations, with officers and directors abroad. They also had an office in New York, and this agency in Pottsville. Bodey countersigned these policies; he filled them up; the applications were filed in his office; he kept them as references; they were not sent abroad; he paid losses when they occurred.
There is no evidence that the companies ever questioned his rightful exercise of all those powers. So there was sufficient evidence to submit to the jury to find as to the extent of his agency, and whether it was within the general scope of the business intrusted to his care: Union Mutual Life Ins. Co. of Maine v. Wilkinson, Insurance Reporter, 18th April 1872, No. 16. The question of waiver as to time and particulars of loss, was correctly submitted to the *29 jury: Franklin Fire Ins. Co. v. Updegraff, 7 Wright 350; 5 Id 162; 6 Id. 168; 11 Id. 205.
The seventh assignment was not pressed, and has no merit. We discover no error in the bills of exception, nor in the charge of the learned judge.
Judgment affirmed in each case.
Agnew, J., dissented.