## BANNER LAUNDRY COMPANY v. GREAT EASTERN CASUALTY COMPANY.[1]

January 7, 1921.

No. 22,055.

**Insurance — plate glass — construction of policy.**

1. A policy of insurance, covering loss sustained by a lessee of a building by reason of the breakage of glass by causes beyond his control, protects him upon his liability to replace broken glass according to the terms of his lease. Proof of breakage is proof of a cause of action founded on the policy, unless there is an affirmative showing that the breakage was within an exception of the policy.

**Same — cause of explosion of boiler not within control of insured.**

2. Glass was broken in consequence of the explosion of a steam boiler located in the building and owned and operated by the lessee. The evidence showed that the explosion was due to the sticking of the safety valve. Whether the fact of the explosion did or did not make the doctrine of res ipsa loquitur applicable is not material, because it appeared that the sticking of the valve was due either to some unknown cause or an unusual occurrence not likely to happen

[1]Reported in 180 N. W. 997.

and only remotely or slightly probable. Negligence cannot be predicated upon such an occurrence, and the cause of the explosion was not within the control of the insured.

### Same — insurable interest covers liability to loss, when.

3. To give one an insurable interest in the subject insured, it is not necessary that he should have an absolute right of property therein. He has an insurable interest, if by the destruction of the property, he will suffer a loss whether he has or has not any title to, lien upon, or possession of the property itself.

### Same — recovery not conditioned on action of landlord.

4. The fact that the owner of the building had not enforced the covenant in the lease for the replacement of the broken glass did not preclude a recovery on the policy.

### Upon denial of liability by insurer, insured could bring action.

5. The denial by the insurer of any liability upon the policy entitled the insured to sue without giving the insurer an opportunity to replace the glass under an option reserved in the policy and without waiting for the expiration of the time allowed for the making of a settlement under the policy.

Action in the district court for Ramsey county to recover $854 upon defendant's policy of insurance. The case was tried before Haupt, J., who when plaintiff rested denied defendant's motion to dismiss the action at the close of the testimony, denied defendant's motion for a directed verdict and granted plaintiff's motion for a directed verdict for $893. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*F. D. Larrabee,* for appellant.

*O. E. Holman,* for respondent.

LEES, C.

Plaintiff conducted a steam laundry in a leased building in St. Paul. It was required to replace all glass broken during the term of the lease and took out plate glass insurance, the policy being issued by the defendant. By the terms of the policy, plaintiff was insured against loss or damage to the glass by reason of the breakage of the same by causes beyond its control. Plaintiff owned and operated a

steam boiler located in the building. It exploded, wrecking the building and breaking all the window glass. Plaintiff demanded payment for the glass. Defendant denied all liability, and this action was brought to recover on the policy. It was tried by the court with a jury. At the conclusion of the evidence both parties moved for a directed verdict. Plaintiff's motion was granted. This appeal is taken from an order denying defendant's motion for a new trial. The assignments of error raise several questions which we dispose of in the order of their presentation in the briefs.

1. The trial court ruled that in order to avoid liability defendant must prove that the glass was broken by a cause within the control of the plaintiff. Defendant contends that plaintiff could not recover without proving that the breakage was due to a cause beyond its control.

We are referred to accident insurance cases in this and other states. In such cases there can be no recovery without proof that the injury or death was caused by accident. The reason is that accidental injury, or death therefrom, is the very foundation of the insurance. Proof of the cause of action requires proof of accident. McAlpine v. Fidelity & C. Co. of New York, 134 Minn. 192, 158 N. W. 967. The policy before us was clearly intended to insure the holder against loss by the breakage of glass. That is the foundation of the insurance. It covers all breakage, except such as results from certain causes specified in the policy. It does not cover breakage resulting from a cause within the control of the insured. Proof of breakage is, therefore, proof of a cause of action, unless there is an affirmative showing that the breakage was within an exception of the policy. It appeared without dispute that the glass was broken in consequence of the explosion of the boiler and that the boiler was under plaintiff's control. But these facts alone do not determine the rights of the parties. The ultimate question is, what caused the boiler to explode? Was the explosion due to an act or omission of the plaintiff? Seemingly defendant started out with the idea that it had the burden of proving that it was. In its answer it expressly charged plaintiff with negligence in the construction and operation of the boiler. But, when the trial began, it objected to the

introduction of any evidence on the ground that the complaint stated no cause of action. The objection was overruled and the trial proceeded on the theory that defendant would not be liable if the explosion was due to plaintiff's negligence, and that such negligence must be established by defendant. Defendant insists that this was wrong and that plaintiff had the burden of proving that the explosion was not occasioned by its negligence. It is not clear that negligence will be presumed from the fact that a steam boiler exploded. There is such a presumption in the case of steamboat boilers, but that is because of a Federal statute. McMahon v. Davidson, 12 Minn. 232 (357). The courts are at variance as to the application of the doctrine of res ipsa loquitur to ordinary boiler explosions. The majority rule is that it does not apply. The cases are collected in the notes to Cincinnati Traction Co. v. Holzenkamp, 113 Am. St. 1015, 1016, and Lykiardopoulo v. New Orleans & C. R. L. & P. Co. Ann. Cas. 1912A, 976, and in 20 R. C. L. 192. We find it unnecessary to consider which is the better rule, for the reason that the cause of the explosion was fairly explained by the evidence.

Plaintiff's engineer had been in charge of the boiler for about eight years. It was inspected regularly and found to be in good condition. It could withstand a steam pressure of over 500 pounds to the square inch. The safety valve was tested daily. It was set at 110 pounds and blew off at that pressure when tested at 2:30 p. m. on the day of the explosion. Work at the laundry stopped at 5 p. m. At that time there was practically no fire in the fire box—"just a couple of shovelfuls of coal." The engineer left at about 5:10 p. m. Fifteen minutes later the explosion occurred. When he left, the water was over the top flues and the steam gauge registered a pressure of 75 or 80 pounds. He always left the boiler in substantially the same way at the end of his day's work.

Defendant's witnesses who examined the boiler after the explosion testified that it burst because the stem of the safety valve was bent so the valve stuck and would not permit the escape of the steam made after the engineer left and that the pressure must have run up to more than 500 pounds, owing to the fact that the heat was confined

by the fire brick incasing the boiler. It was the theory of some of the expert witnesses that water had combined with steam when the valve blew off, and that the rush of water and steam were like hammer blows on the seat of the valve, and were so violent as to bend the stem. According to the experts this may happen at any time and there is no way of guarding against it.

The testimony thus far referred to indicates no negligence on the part of plaintiff. Defendant contends that the testimony of its expert witness Edmunds was such as to require the submission of the issue of negligence to the jury. He testified that it was not safe practice for an engineer to leave a boiler until an hour after shutting down, but it would be safe to do what the engineer did on this occasion, if the safety valve was working properly. He accounted for its failure to work on the theory that it might have been tied down or that there might have been oil in the water in the boiler. The trouble with all the theories as to what caused the valve to stick, is that they have no foundation in the evidence. The most that can be said is that the evidence showed that the valve stuck for some unknown reason. It never had happened before, although the boiler had been left under the same conditions for years. Something unusual and extraordinary must have happened. Plaintiff was bound to anticipate and guard against that which usually happens or is likely to happen, but not against that which was only remotely or slightly probable. 2 Dunnell, Minn. Dig. § 7008; Boyd v. City of Duluth, 126 Minn. 33, 147 N. W. 710.

Irrespective of the question of the burden of proof and from a consideration of all the evidence, we think it is reasonably clear that the explosion did not occur through any negligent act or omission of the plaintiff, but from some unknown cause it could not anticipate and which was beyond its control. Therefore, there was no error in the withdrawal of the question of negligence from the consideration of the jury.

2. The clause in the lease which bound the plaintiff to replace all broken glass gave it an insurable interest in the glass. Long ago it was said by Judge Story that an insurable interest is sui generis and

148 M.—3.

may exist where there is not any present property, but only an inchoate right.    Hancox v. Fishing Ins. Co. 3 Sumner, 132, Fed. Cas. No. 6013.    The authorities all agree that it is not necessary that the insured should have an absolute right of property, and that he has an insurable interest if, by the destruction of the property, he will suffer a loss, whether he has or has not any title to, lien upon, or possession of the property itself.    1 Cooley, Briefs on Law of Ins. 148; 6 Supp. Cooley, Briefs on Law of Ins. 32; 14 R.C.L. 910; Eastern R. Co. v. Relief Fire Ins. Co. 98 Mass. 420; Getchell v. Mercantile & Manufacturer's Mut. Fire Ins. Co. 109 Me. 274, 83 Atl. 801, 42 L.R.A.(N.S.) 135, Ann. Cas. 1913E, 738; Plum Trees Lime Co. v. Keeler, 92 Conn. 1, 101 Atl. 509, Ann. Cas. 1918E, 831; Berry v. American Cent. Ins. Co. of St. Louis, 132 N. Y. 49, 30 N. E. 254, 28 Am. St. 548; Imperial Fire Ins. Co. v. Murray, 73 Pa. 13.

In line with the doctrine elsewhere, this court has held that a carrier may lawfully insure against liability for loss of the goods carried, though occasioned by the negligence of its own servants.    Minneapolis, St. P. & S. Ste. M. Ry. Co. v. Home Ins. Co. 64 Minn. 61, 66 N. W. 132; James Quirk Milling Co. v. Minneapolis & St. L. R. Co. 98 Minn. 22, 107 N. W. 742, 116 Am. St. 366.    We see no reason why this principle should not extend to a possible loss suffered by a lessee under such circumstances as there were here.

3. The fact that plaintiff's lessor has not compelled it to replace or pay for the glass is no reason why there should not be a recovery of the insurance.    There is nothing to prevent him from enforcing plaintiff's liability under the lease.    Neither is a recovery prevented by reason of the fact that the jury had returned a verdict in plaintiff's favor in an action brought by the owner of the building to recover damages to the building caused by plaintiff's alleged negligence. Kahn v. American Ins. Co. 137 Minn. 16, 162 N. W. 685; Foley v. Manufacturers' & Builders' Fire Ins. Co. of New York, 152 N. Y. 131, 46 N. E. 318, 43 L.R.A. 664.

4. Defendant's denial of all liability on the policy entitled plaintiff to sue without giving  defendant an opportunity to replace the glass under the option reserved in the policy.    It also relieved plain-

tiff from the necessity of waiting 90 days before bringing this action.

We find no error entitling defendant to a new trial, and hence the order appealed from is affirmed.