**FIRST GUARANTY CORPORATION, Appellant,**

v.

**CONTINENTAL WESTERN INSURANCE COMPANY, et al., Respondents.**

**No. C5–84–827.**

Court of Appeals of Minnesota.

Jan. 22, 1985.

Review Denied April 12, 1985.

Richard C. Smith, Minneapolis, for appellant.

Wellington Tully, Jr., Sarah McKenzie, Minneapolis, for respondents.

Heard, considered, and decided by POPOVICH, C.J., and PARKER and SEDGWICK, JJ.

## OPINION

SEDGWICK, Judge.

This appeal is from a judgment denying appellant fire insurance proceeds. We affirm.

### FACTS

This case involves a dispute over entitlement to fire insurance proceeds. First Guaranty is a Minnesota corporation involved in the business of buying and selling contracts for deed. It claims that it is entitled to the insurance proceeds because it is the former holder of the contracts for deed on the property. It further claims that there was an implicit understanding between it and either Robert and Susan Dangers, the current owners of the property, or their bank, Owatonna Savings and Loan, that one of them would assume the pre-existing mortgages on the property.

First Guaranty failed to require an assumption of the mortgage in writing. The Dangers knew nothing about assuming these mortgages, until after all the paper-

work had been signed at the closing. They were then told that they were to assume the pre-existing mortgages. They refused to assume the underlying mortgages as did Owatonna Savings and Loan.

The trial court found First Guaranty had no interest in the property and, therefore, was not entitled to insurance proceeds.

## ISSUE

Is First Guaranty entitled to fire insurance proceeds based on its interest in the property as a former holder of contracts for deed?

## ANALYSIS

■ First Guaranty does not have an interest in the property protected by the fire insurance policy in question. Continental Western Insurance Company issued an insurance policy in 1972 with the former property owners named as the insureds and a mortgage loss payable clause to Owatonna, the mortgagee, and the contract for deed holder, First Guaranty, the mortgagor. Prior to the sale to Dangers, First Guaranty canceled its contracts with the former owners of the property.

■ The rights of a party to insurance proceeds are determined according to the status of its interest at the time the fire occurred. *See National Fire Insurance Co. of Hartford Connecticut v. Finerty Insurance Co.*, 170 Okla. 44, 38 P.2d 496 (Okla.1934). Therefore, First Guaranty lost any insurable interest it had in the property.

## DECISION

Appellant's claims are without merit. We affirm.