**William J. ANDERSON, et al.,
Respondents,**

**v.**

**STATE FARM FIRE AND CASUALTY
COMPANY, Appellant.**

**No. C1–86–828.**

Court of Appeals of Minnesota.

Dec. 16, 1986.

Review Denied Feb. 18, 1987.

Gerald J. Brown, Brown, Andrew, Hallenbeck, Signorelli & Zaller, P.A., Duluth, for respondents.

Douglas R. Archibald, Cosgrove & Haskell, Minneapolis, for appellant.

Heard, considered and decided by NIERENGARTEN, P.J., and PARKER and CRIPPEN, JJ.

### OPINION

PARKER, Judge.

State Farm Fire and Casualty Company appeals a trial court decision that both respondent William Anderson and his former spouse had insurable interests in a garage owned by the former spouse, and that both were entitled to recover payments under their respective policies when the property was destroyed by fire. State Farm contends it is not liable to Anderson for the property loss because the two policies were concurrent and because Anderson did not have an insurable interest in the property at the time of the fire. We reverse.

## FACTS

Respondent William Anderson and his former spouse, Nancy Anderson, acquired a parcel of land upon which they constructed a garage. State Farm insured the property against fire loss under an endorsement to the Andersons' homeowner's policy. When the Andersons were divorced in April 1982, Nancy Anderson acquired legal title to the 40–acre parcel containing the garage.

With Nancy Anderson's knowledge, William Anderson continued to use the garage rent-free after the divorce. He maintained control of the premises and stored some of his personal property in the structure. State Farm continued to insure the garage under an endorsement to William Anderson's homeowner's policy for his own residence.

William Anderson paid the policy premiums for the years 1982, 1983, and 1984. Nancy Anderson did not carry separate insurance on the property until mid–1984, when she acquired her own policy from State Farm. Upon her return to the Duluth area in July 1984, she changed her mind about letting William Anderson store his personal belongings in the garage. Approximately one and a half weeks before the fire, she asked William Anderson to remove his property from the garage and gave him two weeks to do so.

The garage and its contents were completely destroyed by fire on August 15, 1984. Both Andersons filed claims with State Farm under their respective policies. State Farm paid Nancy Anderson the full value of the destroyed garage and paid William Anderson the value of his personal property lost in the fire, but refused to pay his claim for the value of the garage.

William Anderson's claim against State Farm was tried in January 1986. The trial court concluded that he had an insurable interest in the garage and that the two policies were not concurrent because the insurance was in favor of different people with different interests. Consequently, the trial court ordered judgment for him in the amount of $12,730 plus interest, costs, and disbursements. State Farm appeals, contending the trial court erred by ruling that William Anderson had an insurable interest, by ruling that State Farm was obligated to pay maximum claim benefits under two policies covering the same property, and by concluding that he had an insurable interest equal to the maximum policy limits in the insurance contract. Because we conclude that William Anderson did not have an insurable interest, we address only that issue.

## ISSUE

Did the trial court err by ruling that William Anderson had an insurable interest in the property at the time of the fire?

## DISCUSSION

In all actions tried upon the facts without a jury * * * the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; * *. Findings of fact shall not be set aside unless clearly erroneous * * *.

Minn.R.Civ.P. 52.01. *See Frank v. Illinois Farmers Insurance Co.,* 336 N.W.2d 307, 311 (Minn.1983).

■ A party's rights to insurance proceeds are determined by the status of the party's interests at the time of the fire. *First Guaranty Corp. v. Continental Western Insurance Co.,* 361 N.W.2d 137, 138 (Minn.Ct.App.1985), *pet. for rev. denied,* (Minn. Apr. 12, 1985) (citing *National Fire Insurance Co. of Hartford Connecticut v. Finerty Inv. Co.,* 170 Okla. 44, 38 P.2d 496 (1934)). Whether a person has an insurable interest in property is a question of fact. *See Hane v. Hallock Farmers Mutual Insurance Co.,* 258 N.W.2d 779, 781 (Minn.1977).

■ Anderson contends he had an insurable interest in the garage for several reasons. First, he used the structure to store personal property after his divorce in 1982 until August 1984, when the building was destroyed. He argues that he derived sub-

stantial benefits from use of the garage because he was not required to pay rent. Second, the building provided storage space that his own residence lacked. Third, he contends he had a future interest in the garage because he was interested in acquiring the land from Nancy Anderson for his own economic benefit and personal purposes. Finally, Anderson contends he had an insurable interest and that it was prudent to insure the premises and its contents against losses because third persons occasionally entered onto the land or worked in the garage at his direction.

The Minnesota Supreme Court has stated that "insurable interests" are not necessarily synonymous with absolute property rights:

> The authorities all agree that it is not necessary that the insured should have an absolute right of property, and that he has an insurable interest if, by the destruction of the property, he will suffer a loss, whether he has or has not any title to, lien upon, or possession of the property itself.

*Banner Laundry Co. v. Great Eastern Casualty Co.*, 148 Minn. 29, 34, 180 N.W. 997, 999 (1921) (citations omitted). Although the court stated only that an individual must "suffer a loss," it has suggested repeatedly that an individual's property interests must be substantial and real. For instance, the insured in *Banner Laundry*, as the lessee of a building, was contractually obligated to replace all glass broken during the term of the lease. The court concluded that the lessee had an insurable interest and could receive proceeds under a plate glass insurance policy when all of the glass in the building was broken by a boiler explosion. The insurable interest was the lessee's obligation to replace the glass.

In *Nathan v. St. Paul Mutual Insurance Co.*, 243 Minn. 430, 68 N.W.2d 385 (1955), the supreme court stated that "all [the plaintiff] had to show in order to establish an insurable interest was that she would suffer a loss by the destruction of the building * * *." *Id.* at 440, 68 N.W.2d at 392. Even though there was a $200

mechanic's lien on the building, the plaintiff in *Nathan* suffered a direct and actual loss because she owned the insured structure.

In *Hane* the supreme court suggested that mere possession and expectation of ownership do not establish an insurable interest. The appellant in *Hane* purchased a farm under a contract for deed and procured fire insurance on the house and buildings as required under the contract. When the seller subsequently threatened to cancel the contract for deed because of nonpayment, Hane assigned his interest in the contract to a third person in exchange for payment of the contract obligations. The parties agreed that Hane could remain in the house and would have an opportunity to repurchase the property if he so desired. The house later was destroyed by fire.

Even though Hane was living in the farmhouse at the time of the fire and had an opportunity to repurchase it, the supreme court concluded that Hane did not have an insurable interest in the house.

> [W]hile Hane possessed an opportunity to repurchase the farm, he was not obligated to do so. Since Hane had assigned the vendee's interest under the contract for deed and did not have an obligation to repurchase the farmhouse, he could not suffer a loss upon its destruction.

*Id.* 258 N.W.2d at 782.

After reviewing the record in light of *Hane*, we conclude that the trial court's finding that William Anderson had an insurable interest in Nancy Anderson's garage at the time of the fire was clearly erroneous. We discern nothing more than a mere license to occupy. Absolute title to the property was conveyed to Nancy Anderson under the terms of the divorce decree. Although William Anderson hoped to purchase the property someday and had been using the property for a substantial amount of time, his claim to the garage was only an expectancy. Consequently, he did not have a risk of *direct* pecuniary loss by damage or destruction of the garage itself.

[O]ne must have in the property an interest which is recognized as insurable. Such interest must consist of such valuable relationships as the law will recognize and enforce and must be susceptible of pecuniary value. * * * A person has an insurable interest in property when the relationship between him and the property is such that he has a reasonable expectation, based upon a real or legal right, of benefit to be derived from the continued existence of the property and of loss or liability from its destruction.

*Ben-Hur Manufacturing Co. v. Firemen's Insurance Co.*, 18 Wis.2d 259, 262, 118 N.W.2d 159, 161–62 (1962). Since Anderson had no equitable or legal rights in the garage itself, he lost nothing as a result of its destruction except his personal property, for which he has been paid.

We conclude that, at best, Anderson had only a very limited right of occupancy, which expired a few days after the fire. If that right had any value, no evidence of it was introduced at trial. Accordingly, we need not discuss that issue.

## DECISION

The trial court's finding that William Anderson had an insurable interest was clearly erroneous. Anderson neither owned the garage nor possessed any legal or equitable rights in the structure. Consequently, Anderson did not have an insurable interest in the garage and suffered no loss upon its destruction.

Reversed.