**Earl D. CROWELL, et al., Respondents,**

v.

**DELAFIELD FARMERS MUTUAL FIRE INSURANCE COMPANY, Appellant.**

No. C2–89–1873.

Court of Appeals of Minnesota.

April 10, 1990.

James E. Malters, Von Holtum, Malters & Shepherd, Worthington, for respondents.

Donald E. Rysavy, Steven J. Hovey, Hoversten, Strom, Johnson & Rysavy, Austin, for appellant.

Considered and decided by LANSING, P.J., and HUSPENI and KALITOWSKI, JJ.

## OPINION

KALITOWSKI, Judge.

Delafield Farmers Mutual Insurance Company appeals from the district court's grant of summary judgment holding that Earl and Vonette Crowell had an insurable interest in a farmhouse destroyed by fire which occurred after the Crowells' right of redemption expired but before they exercised their right of first refusal under Minn.Stat. § 500.24, subd. 6.

## FACTS

Respondents Earl and Vonette Crowell own and operate a farm in Cottonwood County, Minnesota. In 1980, the Crowells took out a mortgage on the property with Federal Land Bank of St. Paul (now Farm Credit Services). The Crowells also took out a fire insurance policy with appellant Delafield Farmers Mutual Insurance Company which ran from October 3, 1985, to October 3, 1988.

The Crowells failed to pay their mortgage payments and on September 12, 1986, Farm Credit Services commenced foreclosure proceedings on the property. On November 25, 1987, the Crowells' right to redeem the property expired. However, the Crowells, with the acquiescence of Farm Credit Services, remained on the property while securing financing to buy the property pursuant to their right of first refusal under Minn.Stat. § 500.24, subd. 6.

On November 27, 1987, the farmhouse was substantially destroyed by fire. The Crowells filed a claim for the loss with Delafield. Delafield paid the claim on the Crowells' personal effects inside the farmhouse but denied the claim on the structure itself. Delafield claimed that after the period of redemption expired, the Crowells no longer had an insurable interest in the farmhouse.

The Crowells thereafter sued Delafield for reimbursement for the loss of the farmhouse. Both parties moved for summary judgment. The district court found that the Crowells were tenants at will on the property and that their tenancy and the existence of the statutory right of first refusal under Minn.Stat. § 500.24, subd. 6 gave the Crowells an insurable interest in the home. The district court granted summary judgment for the Crowells and ordered a trial on damages. Delafield appeals the holding that the Crowells had an insurable interest in the home.

## ISSUE

Does a farmer who is allowed to reside on and operate a farm after the expiration of the period of redemption while securing financing to exercise the right of first re-

fusal under Minn.Stat. § 500.24, subd. 6 have an insurable interest in the farmhouse?

## ANALYSIS

■ On appeal from a summary judgment, this court must determine whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. *Offerdahl v. University of Minnesota Hospitals & Clinics,* 426 N.W.2d 425, 427 (Minn.1988).

■ To be entitled to recovery for a loss, an insured must have an insurable interest in the property covered by the policy. *Casablanca Concerts, Inc. v. American National General Agencies, Inc.,* 407 N.W.2d 440, 443 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. Aug. 12, 1987).

■ To have an insurable interest in property, the party must suffer a loss of property interest that is substantial and real. *Anderson v. State Farm Fire & Casualty Co.,* 397 N.W.2d 416, 418 (Minn. Ct.App.1986), *pet. for rev. denied* (Minn. Feb. 18, 1987).

> A person has an insurable interest in property when the relationship between him and the property is such that he has a reasonable expectation, based upon a real or legal right, of benefit to be derived from the continued existence of the property and of loss or liability from its destruction.

*Anderson,* 397 N.W.2d at 419 (quoting *Ben–Hur Manufacturing Co. v. Firemen's Insurance Co.,* 18 Wis.2d 259, 262, 118 N.W.2d 159, 161–62 (1962)).

The Minnesota Supreme Court has stated that:

> it is not necessary that the insured should have an absolute right of property, and that he has an insurable interest if, by the destruction of the property, he will suffer a loss, whether he has or has not any title to, lien upon, or possession of the property itself.

*Banner Laundry Co. v. Great Eastern Casualty Co.,* 148 Minn. 29, 34, 180 N.W. 997, 999 (1921) (citations omitted).

■ Farm Credit Services foreclosed on the Crowells' farm mortgage on November 25, 1986. The Crowells remained on and continued to operate the farm. In Minnesota, a foreclosed mortgagor retains the right to possession of the property during the redemption period. *Harbal v. Federal Land Bank of St. Paul,* 449 N.W.2d 442, 446 (Minn.Ct.App.1989), *pet. for rev. denied* (Minn. Feb. 21, 1990). After the redemption period, this right to possession ends and Farm Credit Services became the absolute owner of the property. *Pioneer Savings & Loan Co. v. St. Paul Fire & Marine Insurance Co.,* 68 Minn. 170, 70 N.W. 979 (1897). The right of first refusal does not entitle the property owner to retain possession of land if the mortgagee is entitled to possession in an unlawful detainer action. *Federal Land Bank of St. Paul v. Obermoller,* 429 N.W.2d 251 (Minn.Ct.App.1988).

■ Here, the record indicates Farm Credit Services allowed the Crowells to remain on the farm after the redemption period expired because it was involved in the Crowells' efforts to secure financing to enable them to exercise their statutory right of first refusal. In addition, Farm Credit Services did not purchase and the Crowells did not cancel fire insurance on the property.

By creating a right of first refusal in the Omnibus Farm Bill of 1986, the legislature gave financially distressed farmers who had lost their farms to corporate lenders an opportunity to repurchase the farms. Minn.Stat. § 500.24, subd. 6(a) (Supp.1987) provides in part:

> A state or federal agency or a corporation, other than a family farm corporation or an authorized farm corporation, may not lease or sell agricultural land or a farm homestead that was acquired by enforcing a debt against the agricultural land or farm homestead, including foreclosure of a mortgage, accepting a deed in lieu of foreclosure, terminating a contract for deed, or accepting a deed in lieu of terminating a contract for deed, before offering or making a good faith effort to offer the land for sale or lease

to the immediately preceding former owner at a price no higher than the highest price offered by a third party that is acceptable to the seller or lessor.

The legislative purpose of this right of first refusal is:

to encourage and protect the family farm as a basic economic unit, to insure it as the most socially desirable mode of agricultural production, and to enhance and promote the stability and well-being of rural society in Minnesota and the nuclear family.

Minn.Stat. § 500.24, subd. 1 (1986).

This right of first refusal gives family farmers some additional right or interest in the property they lost to corporate lenders. Based on this legal right in the property, the Crowells had a reasonable expectation to derive a benefit from the continued existence of the farmhouse. *See Anderson v. State Farm Fire & Casualty Co.*, 397 N.W.2d at 419 (an insurable interest exists where an individual has a reasonable expectation of benefit to be derived from the continued existence of property).

Although the Crowells no longer had title to the farm, they were allowed to remain on the farm with all parties' knowledge and intention that they would exercise their right of first refusal and regain the farm. Therefore, they expected the benefit of living in the farmhouse until they exercised that right.

This appeal involves only the question of insurable interest and not the issue of damages. However, it is clear the Crowells suffered a loss from the destruction of the farmhouse. Farm Credit Services allowed the Crowells to remain on the property between the end of the redemption period and the time they exercised their right of first refusal. Since the fire the Crowells have been unable to live in the farmhouse. This situation forces the Crowells to live several miles from their farm and commute between their home and the farm causing additional expenses and inconvenience. The advantage of living on the farm is clearly lost.

The legislative policy behind creation of the right of first refusal and the specific facts of this case lead us to conclude that the Crowells had an insurable interest in the farmhouse at the time the fire occurred.

■ Whether a party has an insurable interest in property is ordinarily a question of fact. *Hane v. Hallock Farmers Mutual Insurance Co.*, 258 N.W.2d 779, 781 (Minn. 1977). Here, where the facts are undisputed, the trial court correctly determined that the Crowells' statutory right of first refusal gave them an insurable interest as a matter of law.

Since we find the Crowells had an insurable interest in the farmhouse pursuant to their statutory right of first refusal, we need not address whether the Crowells are tenants at will and whether that tenancy also results in an insurable interest. Further, we do not address the extent of the Crowells' insurable interest nor the damages awarded at trial since those matters are not at issue in this appeal.

## DECISION

The legislature intended to give farmers an additional equitable and legal right to their farm by creating the right of first refusal. Under the facts of this case we hold the trial court was correct in holding this right gave the Crowells an insurable interest in the farm and its structures.

Affirmed.

HUSPENI, Judge (dissenting).

I respectfully dissent and would find as a matter of law that respondents have no insurable interest in the subject property either through the right of first refusal statute or as tenants at will.

First, with reference to Minn.Stat. § 500.24, subd. 6(a) (Supp.1987), I am unable to discern how the right to purchase property at a price the current owner is prepared to sell to a third party creates an insurable interest in an immediately preceding former owner. I submit the very valuable right created by section 500.24 is the right of farmer "A" to purchase, at present market value, property which farmer "A"

lost through foreclosure and could otherwise have obtained (regained) title to only through redemption. Redemption most likely would have required payment of mortgage arrears, costs, attorney fees and other appropriate sums, and continued obligation under the mortgage.

Almost certainly in times of falling land values, farmer "A" would obtain title to property more economically under section 500.24 than through redemption. Often, in fact, when redemption is a financial impossibility, purchase under 500.24 may be feasible. This feasibility, I submit, in and of itself promotes the laudable legislative purpose of protecting the family farm unit. The statute makes possible what otherwise might be impossible.

I am unable, however, to translate rights provided by section 500.24 into an insurable interest. In order to have an insurable interest, a party must "have a risk of *direct* pecuniary loss by damage or destruction of the [insured structure]." *Anderson v. State Farm Fire and Casualty Co.*, 397 N.W.2d 416, 418 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Feb. 18, 1987) (emphasis in original). I fail to see how rights created by section 500.24 were in any way less valuable after the fire than before. To the extent the damage to the residence diminished the value of the property, that diminishment would be reflected in the value of the property at the time the statutory rights were exercised.

Furthermore, in *Hane v. Hallock Farmers Mutual Insurance Co.*, 258 N.W.2d 779, 782 (Minn.1977), the Minnesota Supreme Court held that:

[W]hile [the farmer] possessed an opportunity to repurchase the farm, he was not obligated to do so. Since [the farmer] * * * did not have an obligation to repurchase the farmhouse, he could not suffer a loss upon its destruction.

Section 500.24 gave the Crowells an opportunity to repurchase the farm. They were not obligated to do so. Therefore, they could not suffer a loss, for insurance purposes, upon its destruction.

The majority's determination that an insurable interest existed under Minn.Stat.

§ 500.24, subd. (6) obviated the necessity of discussion there of whether an insurable interest arose through respondents' continued residence on the property as tenants at sufferance or tenants at will. However, I feel obliged to address that issue here.

Upon scrutiny I conclude that a tenancy at sufferance or at will theory proves as insupportable here as a method of recovery as a statutory right theory. What loss does a tenant suffer upon the destruction of leased property? According to *Harrington v. Agricultural Insurance Company of Watertown, New York*, 179 Minn. 510, 512–15, 229 N.W. 792, 793–94 (1930), the tenant loses the right to use the property for the remainder of the lease period. Therefore, a tenant under a lease could have an insurable interest because that tenant had an expectation of continued use of the property for a set period of time. However, in the present case the owner of the property could have terminated the Crowells' possession of it at any moment. Therefore, with no specified lease period, the Crowells can demonstrate no insurable interest because they can demonstrate no loss capable of being valued when the property is damaged or destroyed.

While I recognize the unfortunate experiences the Crowells have suffered throughout the foreclosure period and the subsequent destruction of the farmhouse, my understanding of the applicable law leads me inevitably to the conclusion that neither of the bases set forth by the trial court can support a finding that the Crowells had an insurable interest in the farmhouse at the time of the fire. Therefore, I would reverse and enter judgment for appellant.