# CITY OF CLOQUET v. CLOQUET SAND AND GRAVEL, INC., AND ANOTHER.

251 N. W. 2d 642.

March 4, 1977—No. 46517.

*Harper, Eaton, Gustafson & Peterson* and *James Harper,* for appellants.

*Newby & Dodge, Harry L. Newby, Jr., Fryberger, Buchanan, Smith, Sanford & Frederick,* and *Harold A. Frederick,* for respondent.

Heard before Rogosheske, Peterson, and Kelly, JJ., and considered and decided by the court en banc.

PETERSON, JUSTICE.

Plaintiff, City of Cloquet, is a municipal corporation. Defendant Cloquet Sand and Gravel, Inc., is a Minnesota corporation, and the successor in interest of defendant Cloquet Ready Mix, Inc. At the time of trial, the former defendant was in exclusive control of approximately 40 acres of land in Carlton County on which it operated a gravel pit, from which it removed gravel and processed it on the premises. The 40 acres are located

in an area zoned for residential use. Defendant has never secured a "temporary excavation conditional use permit" to conduct its commercial venture as required by Cloquet Zoning Ordinance, § 15. Plaintiff brought suit to enjoin defendant's business which allegedly was conducted in violation of the zoning ordinance, and to have certain aspects of defendant's operation declared to be a nuisance and to require their abatement.

The trial court held that defendant need comply with the conditional-use-permit requirement only when the city of Cloquet began uniform enforcement of the zoning ordinance. Independent of the zoning regulations, the court held that several of the defendant's activities, including the excavation of a hillside which resulted in a vertical drop-off of 75 to 90 feet, constituted a nuisance. The court ordered defendant to erect a fence and to submit plans to the court for restoring reasonable contours to the land once the gravel removal ceased. With some additional limitations, the court permitted defendant to continue its operation, provided that defendant first post a performance bond for $25,000 to ensure compliance with the order. Until such time as the bond was posted, the court ordered all operations to cease, except that defendant was permitted to remove any plant equipment from its property. Defendant appeals from the judgment entered, challenging only one narrow provision. It argues that the court abused its discretion in prohibiting defendant, pending posting of the performance bond, from removing from the premises sand and gravel which had already been processed. We affirm.

Defendant specifies several reasons for its assertion that the court, in this one particular, abused its discretion. It asserts that since the court did not find that removal of the sand and gravel was itself a nuisance, the injunction exceeded the scope of the pleadings, evidence, and findings, and curtailed defendant's activities more than was reasonably necessary to give plaintiff the relief to which it was entitled. In addition, it argues that the court arbitrarily distingusihed between processed sand and

gravel and other personal property, namely plant equipment, in allowing defendant to remove the latter before posting the performance bond, and that the court improperly balanced the equities, ignoring plaintiff's delay in enforcing the code 'and its unclean hands in selectively enforcing it.[1]

A court of equity has broad discretion in fashioning remedies. In Beliveau v. Beliveau, 217 Minn. 235, 245, 14 N. W. 2d 360, 366 (1944), we stated:

"* * * A court of equity has the power to adapt its decree to the exigencies of each particular case so as to accomplish justice. It is traditional and characteristic of equity that it possesses the flexibility and expansiveness to invent new remedies or modify old ones to meet the requirements of every case and to satisfy the needs of a progressive social condition."

The standard of review in nuisance cases and others involving equitable relief is whether the trial court has abused its discretion. Holmberg v. Bergin, 285 Minn. 250, 172 N. W. 2d 739 (1969); Robinson v. Westman, 224 Minn. 105, 29 N. W. 2d 1, 174 A. L. R. 746 (1947). Defendant's arguments merit little discussion.

The fact that the removal of processed sand and gravel does not itself constitute a nuisance does not preclude the court from temporarily prohibiting that activity. Such removal is part of defendant's over-all operation, *other* parts of which *do* constitute a nuisance. The prohibition is a reasonable precaution taken to ensure compliance with the court's order to abate the related nuisance.

The court allowed defendant to remove its machinery and office equipment from the premises. Defendant argued at the supplementary hearing for interpretation of the order that—

---

[1] Defendant also argues that the performance bond requirement constitutes a "confiscatory taking of property." Because defendant provides minimal explanation of this contention and cites no supporting authority, we need not consider it.

"* * * none of the machinery has been touched. It may now be completely destroyed by frost and freezing because we could not drain water. We could not do anything to protect the equipment."

The stockpiled sand and gravel is not threatened by such exigencies, and, therefore, for the court to allow removal of the one but not the other is not to draw an arbitrary and capricious distinction. In fashioning equitable remedies appropriate to the facts of a particular case, a trial court need not treat all personal property in the same way.

The court explicitly considered plaintiff's delay in bringing suit by refusing to require that defendant immediately comply with the zoning ordinance.[2] That the court did not also allow defendant to remove its stockpiled material does not mandate a conclusion that the court reached an inequitable balance. Furthermore, to prevail on a defense of laches, prejudice must be shown. Lemmer v. Batzli Electric Co. 267 Minn. 8, 15, 125 N. W. 2d 434, 439 (1963). Defendant has shown none. As for defendant's selective prosecution argument, the record is void of any supporting facts.

The requirement of a performance bond before the resumption of operations poses minimal hardship to defendant. Defendant's production of sand and gravel has resulted in a nuisance. Defendant does not dispute that finding. Defendant has profited at the expense of the community in which its operation is located. It was reasonable for the court to prohibit defendant from further profitmaking during the short time, and for the small

---

[2] The court noted in its memorandum, "For the period from 1968 until the present, gravel has been removed from the Bank and processed on the lower portion of the Koski Forty. Whether cast in the light of equitable estoppel or laches, the Court has accordingly saw fit to permit that operation to continue on a limited basis pending uniform enforcement of Section 15 of the new ordinance."

expense, presumably necessary to secure a performance bond to ensure abatement of the nuisance.

Affirmed.

MR. JUSTICE YETKA took no part in the consideration or decision of this case.