Argued May 4, affirmed June 27, 1978

DOUGHTY APPLIANCE, INC., *Respondent,*
*v.*
WHITE et ux, *Defendants,*
and
PRUITT et ux, *Appellants.*
(TC 36-914, SC 25144)

580 P2d 186

Rees C. Johnson, Portland, argued the cause for appellants. With him on the brief were Stanley E. Sharp and Shannon, Johnson & Sharp, Portland.

Marvin D. Bowen, Tigard, argued the cause and filed the brief for respondent.

Before Denecke, Chief Justice, and Bryson and Linde, Justices, and Tanzer, Justice Pro Tempore.

TANZER, Justice Pro Tempore.

**TANZER, J.,** Pro Tempore.

This is an appeal from a decree of specific performance of a contract for the sale of real property. Plaintiff is the lessee of the defendants White, the owners. The lease gave to plaintiff the right of first refusal in the event that the owners were to sell the property. The Whites listed the property with a realtor. The realtor then secured and transmitted to the Whites an earnest money contract by which the defendants Pruitt offered to buy the property. The Whites signed the agreement to sell clause and transmitted a copy of the Pruitts' earnest money contract to plaintiff in order to provide to plaintiff the opportunity for first refusal. Plaintiff purported to exercise its right of first refusal by sending to the Whites a similar form of earnest money contract with an appropriate signature in the section indicating agreement to purchase.

The Pruitt-White earnest money contract contains at the bottom an initialed notation in the section entitled "SELLERS CLOSING INSTRUCTIONS & FEE AGREEMENT" that the realtor's commission is to be "Paid by purchaser R.S.P." The initials are those of the realtor and not those of either signer of the contract. The blanks of the corresponding section of the plaintiff-White contract are empty and there are no references elsewhere in it to a realtor's commission. Otherwise, the two earnest money contracts are in similar form and content.[1]

The trial court found that the reference to the realtor's commission was not a term of the Pruitt-White earnest money contract and that the exercise of

---

[1] The plaintiff-White earnest money contract also includes a paragraph of representation by the seller which is not included in the Pruitt-White earnest money contract. This difference was not relied upon in the complaint, trial memorandum, motion for involuntary nonsuit, or final argument of the appellants, the Pruitts, in the trial court, although it was mentioned by counsel for the Whites. Nor are we referred in briefs to the issue having been raised below by appellants. Because the issue is not raised by appellants in the trial court, we do not consider it on appeal.

first refusal rights was therefore equivalent in all respects to the Pruitts' offer. Defendants Pruitt appeal; defendants White do not. We affirm.

■■ Cast in elementary contract terms, the notification by White to plaintiff of the opportunity to exercise the right of first refusal was essentially an offer to sell on exactly the terms expressed in the Pruitt-White earnest money contract. Whether a contract of sale capable of specific performance was created depends upon whether the plaintifff-White earnest money contract was a valid acceptance. An acceptance, to effectively form a contract, must agree to the terms contained in the offer. *Meister v. Arden-Mayfair, Inc.,* 276 Or 517, 525, 555 P2d 923 (1976). In this case, if the provision regarding the realtor's commission was a part of the Pruitt-White earnest money contract, the acceptance by the plaintiff-White earnest money contract was not complete because it omitted that provision. Conversely, if the realtor's commission provision was not a part of the offer, then the acceptance was complete and the contract enforceable.

■ We conclude upon examination of the first earnest money contract that the realtor's commission provision was not a part of the contract. The signed offer and the signed acceptance are each on the basis of "the terms and conditions set forth above." The realtor's commission provision appears in a section below and separate from the contract terms under a heading "SELLERS CLOSING INSTRUCTIONS & FEE AGREEMENT" which gives no indication that it is a term of the contract between buyer and seller. There are no initials or signatures indicating agreement of the parties. The initials were those of the realtor. There is nothing to indicate that the notation was on the form at the time the offer was signed. In sum, there was nothing to indicate either to the plaintiff or to us that the provision was a term of the otherwise ostensibly complete contract which constituted the offer to plaintiff.

The Pruitts argue that plaintiff should have been placed on inquiry regarding the realtor's commission by the notation. We see no reason for such a conclusion. The contract was complete in itself. Plaintiff was entitled to assume from it that the Whites' obligation to a realtor, if any, were provided for outside the contract.

■ Defendants also offered evidence to show that after the acceptance by plaintiff, plaintiff was informed that he would have to conform his acceptance to the Pruitt-White contract by assuming an additional obligation for realtor's commission. Once the offer was unqualifiedly accepted, however, a contract capable of specific enforcement had been formed which was not subject to later modification by the offeror. *Killam v. Tenney,* 229 Or 134, 366 P2d 739 (1961). Thus, specific enforcement was correctly ordered in this case.

■ The decree goes on to give judgment to Pruitt against plaintiff for $5,985.90 payable in monthly installments of $600 with interest to compensate the Pruitts for improvements to the property made by them during their occupancy of it. The decree also gives lump sum judgment for plaintiff against defendants for $6,587.50 as attorney fees. Pruitt does not challenge the basis for the amount of either award, but contends solely that it was an abuse of discretion to allow one amount but not the other to be made in installments. Assuming for argument that the scope of our review in this equity case is for abuse of discretion as appellant contends, we find no abuse here. An order providing for cancelling judgments and an effective net payment of $601.60 would ordinarily be an appropriate exercise of discretion, but we find no abuse, where, as here, the judgment against plaintiff is to one defendant as an equitable device to avoid unjust enrichment and the judgment for plaintiff is against both defendants as a cost of suit.

Affirmed.