**In Re the Petition of Richard F. SPEARMAN for Dissolution of Partnership of SPAL Enterprises: Audrey Lorraine Salminen, Appellant,**

v.

**Richard F. SPEARMAN, Petitioner, Michael Salminen, Sr., Respondents.**

**No. C0–86–2022.**

Court of Appeals of Minnesota.

June 30, 1987.

Review Denied Aug. 19, 1987.

Jack R. Fena, Hibbing, for Audrey Salminen.

Richard E. Prebich, Abate, Wivoda, Clark & Prebich, Hibbing, for respondent.

Michael Salminen, Sr., pro se.

Heard, considered and decided by WOZNIAK, P.J., and NIERENGARTEN and CRIPPEN, JJ.

## OPINION

NIERENGARTEN, Judge.

Audrey Salminen appeals from a judgment approving a court-ordered sale of partnership property and transferring the property "free and clear of any lien or claim" of Audrey Salminen. We affirm.

## FACTS

In January 1981, appellant Audrey Salminen's former husband Michael Salminen entered into a partnership agreement (SPAL) with respondent Richard Spearman for the purposes of acquiring, operating, and disposing of the old Hibbing General Hospital. Audrey was not a named partner. Michael and Audrey later were divorced; each was awarded "a one-half (½) interest in and to the marital asset consisting of a partnership share (½) in SPAL Enterprises, a general partnership." The judgment and decree were not appealed.

A few months later the court denied Michael's motions for an order making Audrey personally responsible for SPAL debts and obligations.

> Mrs. Salminen has no control over and no responsibility for [fluctuations in value] and no obligation to carry forward the partnership operation because she is not a general partner. What she has is an undivided one-half interest in Mr. Salminen's share of a partnership asset, as an asset, because she has an undivided one-half interest. She has no immediate obligation or liability towards bills unless she has permanently signed off and has incurred personal liability voluntarily in association with the partnership.

Michael did not appeal from that decision. However, in January 1984, Spearman instituted a declaratory judgment action to determine Audrey's interests in SPAL and its property. On appeal, this court upheld the trial court and concluded the dissolution decree did not make Audrey a SPAL partner or make her personally liable for her former husband's debts and obligations. *See Spearman v. Salminen,* 379 N.W.2d 627, 631 (Minn.Ct.App.1986).

The mortgagee of the Hibbing General Hospital property obtained a judgment lien and the State of Minnesota obtained a tax judgment against the property. Spearman later requested the district court to dissolve the SPAL partnership and the district court subsequently ordered the real property sold by bid. Spearman submitted a bid for one hundred dollars. The sale effectively dissolved the SPAL partnership. On October 24, 1986, the court approved the sale for one hundred dollars *"plus* assumption of liability for real estate taxes, in arrears and current, totaling approximately $41,114.03." (emphasis in original). The property was ordered sold free and clear of the mortgagee's judgment lien provided, however, that the partners' obligation to

the mortgagee bank "shall remain a continuing obligation of the partnership to be ultimately paid, as this Court shall direct." The court also ordered the real property "transferred to Richard F. Spearman free and clear of any lien or claim of Audrey Lorraine Salminen and any claim she may have against the partnership shall be determined hereafter in these proceedings * *."

Audrey appeals from the district court's October 24 order.

## ISSUE

Did the district court err by ordering the sale of SPAL partnership real estate free and clear of any claim of Audrey Salminen?

## ANALYSIS

In reviewing the district court's order granting equitable relief, this court must determine only whether the trial court has abused its discretion. *See City of Cloquet v. Cloquet Sand and Gravel, Inc.*, 312 Minn. 277, 251 N.W.2d 642, 644 (1977). The district court could dissolve the partnership by decree on legal or equitable grounds. *See* Minn.Stat. § 323.31 (1984).

### *Uniform Partnership Act*

Under the uniform partnership act, real property acquired by and for the partnership constitutes partnership property which cannot be conveyed unless the property is transferred in the partnership's name.

> All property originally brought into the partnership stock or subsequently acquired by purchase or otherwise, on account of the partnership, is partnership property.

> \*   \*   \*   \*   \*   \*

> Any estate in real property may be acquired in the partnership name. Title so acquired can be conveyed only in the partnership name.

Minn.Stat. § 323.07 (1984). The statute defines an individual partner's "interest in the partnership" as the partner's "share of the profits and surplus, and the same is *personal property*." Minn.Stat. § 323.25 (1984) (emphasis added).

> A conveyance by a partner *of his interest in the partnership* does not of itself dissolve the partnership, nor, as against the other partners in the absence of agreement, entitle the assignee, during the continuance of the partnership, to interfere in the management or administration of the partnership business or affairs, * * * but *it merely entitles the assignee to receive in accordance with his contract the profits to which the assigning partner would otherwise be entitled.*

> In case of a dissolution of the partnership, *the assignee is entitled to receive his assignor's interest* and may require an account from the date only of the last account agreed to by all the partners.

Minn.Stat. § 323.26 (1984) (emphasis added).

### *Audrey's One-Half Interest in Michael's One-Half Partnership Share*

In *Spearman v. Salminen*, 379 N.W.2d 627, 631 (Minn.Ct.App.1986), we affirmed that Audrey had no partnership share, that she had no right to manage or become involved in the partnership affairs, and that she was not liable for the partnership's debts or obligations. This leaves her with only an interest in Michael's partnership share.

### *Collateral Estoppel Argument*

■ Audrey argues that the doctrine of collateral estoppel precludes relitigation of issues already litigated. Her argument must be premised on a finding she had such an interest in the partnership so as to support a lien against partnership property. That is not so.

> A partner's interest in the partnership is his share of the profits and surplus, and the same is personal property.

Minn.Stat. § 323.25 (1984). The trial court properly concluded Audrey has no actual lien against the *real property* itself although she still has a valid claim against Michael's personal assets including any proceeds he may realize from the sale of the hospital property.

*Michael's Procedural Claims*

■ Michael alleges the trial court's October 24, 1986, order approving the sale for one hundred dollars is without force because he was not served with a notice of motion and motion, or memorandum of law. There is no evidence in the record of any written motion relative to the court's approval of the sale. However, on October 10, 1986, Spearman's attorney sent a letter to Michael which included a "Special Term Note of Issue" that indicated there would be a "Hearing on Motion for Order of Approval of Sale of SPAL Enterprise." The rules provide that motions may be "made during a hearing or trial." *See* Minn.R.Civ.P. 7.02(1). Michael advised the court by letter on the day of the hearing that he was not going to attend the hearing because he did not receive a written motion and notice of motion or a memorandum of law. We conclude that under the circumstances the motion was properly made and considered.

Michael also purports to raise a constitutional due process claim because of the alleged inadequacy of the hearing notice. We need not consider the claim because Michael fails to brief that issue or cite supporting case law. *See Koppinger v. City of Fairmont,* 311 Minn. 186, 189 n. 2, 248 N.W.2d 708, 711 n. 2 (1976).

## DECISION

The district court did not abuse its discretion by approving the sale of the partnership property or by declaring that Audrey's claims against the partnership real estate were terminated.

Affirmed.