The ESTATE OF Claude SMITH and Betty Smith, Petitioners, Appellants,

v.

FEDERAL LAND BANK OF ST. PAUL, Respondent.

No. C3-88-348.

Court of Appeals of Minnesota.

June 14, 1988.

Cecil Naatz, Marshall, for appellants.

C. Thomas Wilson, New Ulm, for respondent.

Considered and decided by WOZNIAK, C.J., and PARKER and FORSBERG, JJ., without oral argument.

## OPINION

PARKER, Judge.

The Estate of Claude Smith and Betty Smith moved for a declaration that Cindy Smith (daughter-in-law of Claude Smith) was his heir and therefore entitled to receive an offer to purchase agricultural land, pursuant to Minn.Stat. § 500.24, subd. 6(k) (Supp.1987). The district court denied the petition. This court accepted appeal from an order in a special proceeding under Minn.R.Civ.App. P. 103.03(g). We affirm.

## FACTS

The Federal Land Bank of St. Paul foreclosed on agricultural property formerly owned by Claude Smith, who died testate prior to the foreclosure. A third party has offered to buy the property for $120,000. Minn.Stat. § 500.24, subd. 6(a) (Supp.1987), requires the bank to give notice of this offer to the "immediately preceding former owner." This right of first refusal also gives the immediately preceding former owner the right to match the third-party offer and repurchase the property.

Claude Smith's estate is currently being probated. His will leaves his widow a life estate in the property and the remainder in equal shares to his five children. Cindy Smith is the wife of one of his sons, Larry Smith. Cindy Smith wants to match the $120,000 offer, but the bank has refused to process her application because she is not an heir of the estate.

## ISSUE

Is appellant entitled to receive notice of a third-party offer to purchase foreclosed agricultural land under Minn.Stat. § 500.24, subd. 6(k)?

## DISCUSSION

Under Minn.Stat. § 500.24, subd. 6(k), the right to receive an offer to purchase

the foreclosed agricultural land may not be assigned or transferred, but may be "inherited." The bank's notice was sent to Betty Smith (Claude Smith's widow) and to their five children, including Larry Smith, who are the devisees under the will. Cindy Smith is not named as a devisee of the property; her argument is based on her status as the wife of a devisee.

The Claude Smith estate argues that the phrase "may be inherited" should be liberally construed by the court. If this interpretation is applied, a right may be inherited even though the person receiving the right is not an heir or an heir at law. The trial court characterized this argument as "imaginative" but with "very little basis in law."

The trial court interpreted the language of Minn.Stat. § 500.24, subd. 6(k), as being unequivocal, stating that the right of first refusal "may be inherited." But the district court reasoned that only heirs at law or devisees named in a will are entitled to the notice provided by the statute.

Cindy Smith admits that she is neither an heir at law nor a devisee of Claude Smith. An heir is a person entitled to take under the statutes of intestate succession. Minn. Stat. § 524.1–201(17) (1986). A devisee is a person designated to receive property under a will. Minn.Stat. § 524.1–201(8) (1986).

It is true that under the statute of descent, a husband and wife have an interest in each other's property, because a surviving spouse is an heir of the deceased spouse. In this case, however, the surviving spouse is Betty Smith. She, along with her sons, was correctly notified. Cindy Smith's husband is still alive; therefore, she has merely an inchoate interest in the property, an expectancy or possibility incident to the marriage.

Her interest comes into being only if Larry Smith predeceases her. *Larsen v. Erickson*, 222 Minn. 363, 368, 24 N.W.2d 711, 714 (1946). Cindy Smith's interest can also be lost through divorce. *In re Atwood's Trust*, 262 Minn. 193, 198, 114 N.W. 2d 284, 288 (1962).

## DECISION

Cindy Smith claims that a potential heir of an heir of a prior owner has a right to receive notice. If carried to its logical conclusion, this could produce absurd results. We find this appeal meritless and award attorney's fees and costs of $350 pursuant to Minn.Stat. § 549.21, subd. 2 (1986), and Minn.R.Civ.App. P. 138.

Affirmed.