J. Ralph LILYERD, et al., Appellants,

v.

E. Jerome CARLSON, Production Credit Association of St. Cloud, Respondents.

E. Jerome CARLSON, Respondent,

v.

J. Ralph LILYERD, et al., Appellants.

No. C2–91–657.

Court of Appeals of Minnesota.

Dec. 24, 1991.

Review Granted Feb. 11, 1992.

Ronald R. Frauenshuh, Jr., Ortonville, for J. Ralph Lilyerd, et al.

Lawrence R. Johnson, Ronald B. Peterson, Barna, Guzy, & Steffen, Ltd., Coon Rapids, for E. Jerome Carlson.

Gerald W. Von Korff, James L. Wiant, Rinke–Noonan, St. Cloud, for Production Credit Ass'n of St. Cloud.

Considered and decided by KALITOWSKI, P.J., and FORSBERG and SCHUMACHER, JJ.

## OPINION

SCHUMACHER, Judge.

Appellants J. Ralph and Christel Lilyerd challenge the trial court's denial of their motion for specific performance. Appellants contend the trial court found that they were sole shareholders of a Minnesota farm entity and as such, that they are the "immediately preceding former owners" of farmland. Therefore, they are entitled to both a first refusal offer and the opportunity to repurchase the property from respondent Carlson. Respondents Carlson and

PCA argue the trial court abused its discretion in finding the corporation is a farm entity, and in applying Minn.Stat. § 500.24 to give individuals a right of first refusal. We reverse and remand for further proceedings consistent with this opinion.

## FACTS

Appellants J. Ralph and Christel Lilyerd were sole shareholders in Big Meadow Ranch, Inc. ("Big Meadow"), a Minnesota corporation. In 1973, Big Meadow executed a $100,000 mortgage to Travelers Insurance Company ("Travelers") on farm property. In 1977 and 1982, Big Meadow executed mortgages of $123,000 and $377,000 on the same land to Production Credit Association ("PCA").

Big Meadow and appellants as individuals initiated bankruptcy proceedings in January 1985. The bankruptcy trustee abandoned the properties in December 1985 and the proceedings were closed in February 1986. Big Meadow defaulted on the first mortgage, and Travelers foreclosed on the property. At the April 11, 1986 foreclosure sale, Travelers was the high bidder. Neither Big Meadow nor PCA exercised its right to redeem the property under Minn. Stat. §§ 580.23, subd. 2(3), 580.24 (1984) within the following year.

On April 8, 1987, respondent E. Jerome Carlson acquired PCA's interests in the property. Respondent filed certificates of redemption on April 15 and May 6, 1987. In February 1988, respondent prevailed in an unlawful detainer action against Big Meadow and appellants. After taking possession, respondent added hiking and cross-country ski trails, improved the house and barn, and constructed outbuildings and a driveway.

On July 19, 1988 appellants sued respondent and PCA, alleging they were the "immediately preceding former owner" of farmland and had been denied their right of first refusal under Minn.Stat. § 500.24, subds. 1, 6. Respondent moved for judgment on the pleadings. The trial court concluded Travelers was the immediately preceding former landowner and therefore, an offer of first refusal to appellants was not required. The trial court dismissed appellants' action with prejudice.

On appeal, this court held that the statute in effect at the time PCA assigned its interest as a junior lienholder to respondent did not define "immediately preceding former owner." *Carlson v. Lilyerd*, 449 N.W.2d 185 (Minn.App.1989) *pet. for rev. denied* (Minn. Mar. 8, 1990); *see* Minn.Stat. § 500.24, subd. 6. The court held that

> under the current statutory language "only a family farmer, family farm corporation, or family farm partnership could be an immediately preceding former owner."

*Carlson*, 449 N.W.2d at 190; *see* Minn.Stat. § 500.24, subd. 6(b). The court concluded the amendment limiting immediately preceding former owners to farm entities was only a clarification of the statute, not a substantive change. *Carlson*, 449 N.W.2d at 192. Under Minnesota law, the 1989 amendment could be retrospectively applied. *Id., see Nardini v. Nardini*, 414 N.W.2d 184, 196 (Minn.1987) (clarifying act to be read into statutory law retrospectively); *see also Holman v. All Nation Ins. Co.*, 288 N.W.2d 244, 251 (Minn.1980). The court remanded the case to the trial court to determine the effect of Big Meadow's bankruptcy upon the ownership of the land.

On remand, the trial court found Big Meadow was a family farm entity and its owners, appellants, were family farmers. The court found Big Meadow and appellants, as its sole shareholders, are the immediately preceding former owners under Minn.Stat. § 500.24. The court concluded that therefore PCA had a duty to tender to either Big Meadow or appellants a first refusal offer. Because PCA did not do so, it violated the statute.

However, the court found appellants could not exercise their right because during their delay in asserting a claim, respondent had expended large sums of money in a good-faith effort to improve the property. Appellants claim the trial court abused its discretion by not allowing them to exercise their right of first refusal. Respondents claim the trial court erred in finding that Big Meadow was a family farm entity and

that appellants were family farmers, entitled to a first refusal offer. We reverse and remand.

## ISSUES

1. Did the trial court abuse its discretion by finding that Big Meadow was a family farm entity and that appellants, its sole shareholders, were family farmers, both entitled to a first refusal offer under Minn.Stat. § 500.24?

2. Did the trial court abuse its discretion by denying appellants' motion for specific performance of their right of first refusal?

## ANALYSIS

### I.

■ The trial court's findings of fact will not be set aside unless clearly erroneous. Minn.R.Civ.P. 52.01. "Clearly erroneous" means "manifestly contrary to the weight of the evidence or not reasonably supported by the evidence as a whole." *Northern States Power Co. v. Lyon Food Prod., Inc.*, 304 Minn. 196, 201, 229 N.W.2d 521, 524 (1975).

Neither party presented evidence at trial to show whether or not Big Meadow was a family farm entity. Although the trial court found that Big Meadow was a family farm entity, and that appellants were family farmers, the record is void of any substantiating facts. The trial court apparently relied on the bankruptcy litigation regarding this issue, but the bankruptcy file is not in the record before this court. Therefore, this court is compelled to conclude the trial court's findings of fact regarding Big Meadow's identity as a family farm entity and appellants' identities as family farmers are clearly erroneous. We thus remand to allow the trial court to make additional findings or take additional evidence on this issue.

This court "conduct[s] an independent review of the record in light of the relevant law to determine "if the lower court made the proper legal conclusion. *Jadwin v. Minneapolis Star & Tribune Co.*, 367 N.W.2d 476, 483 (Minn.1985). In interpreting Minn.Stat. § 500.24, we do not distinguish between appellants and Big Meadow for purposes of ownership. If, on remand, the trial court finds that Big Meadow was a family farm entity and that appellants were family farmers, we hold that appellants are the immediately preceding former owners of the land.

### II.

■ The standard of review in cases "involving equitable relief is whether the trial court abused its discretion." *City of Cloquet v. Cloquet Sand & Gravel, Inc.*, 312 Minn. 277, 279, 251 N.W.2d 642, 644 (1977), *cited in Spearman v. Spearman*, 408 N.W.2d 689, 691 (Minn.App.1987). Specific performance is an equitable remedy. *Fred O. Watson Co. v. U.S. Life Ins. Co. in City of New York*, 258 N.W.2d 776, 778 (Minn. 1977).

If the trial court finds that appellants hold an option to purchase real estate, they have an interest that equity will protect. *M.L. Gordon Sash & Door Co. v. Mormann*, 271 N.W.2d 436, 440-41 (Minn. 1978). PCA will have had a duty to tender to appellants a first refusal offer. *Carlson v. Lilyerd*, 449 N.W.2d 185, 192 (Minn.App. 1989).

Appellants would have been entitled to such an offer in 1987, but PCA did not offer it to them. Because real property is involved, specific performance would be the proper remedy, even if other remedies are adequate. *Shaughnessy v. Eidsmo*, 222 Minn. 141, 150, 23 N.W.2d 362, 368 (1946).

■ Appellants complained about their right of first refusal in August 1987. PCA advised them it did not apply to an assignment of mortgages. Appellants brought suit under this theory in July 1988. Appellants did not unduly delay. *See Harbal v. Federal Land Bank of St. Paul*, 449 N.W.2d 442, 447-48 (Minn.App.1989), *pet. for rev. denied* (Minn. Feb. 21, 1990). In *Harbal*, as in this case, appellants did not exercise their statutory right of redemption within one year after the sheriff's sale. *Id.* at 447. Nonetheless, this court held reconveyance of the property from the assignee

**538**

was appropriate. *Id.* Appellants will be entitled to purchase the property at the same price that respondent paid for it in 1987. *See Estate of Smith v. Federal Land Bank*, 424 N.W.2d 312, 312 (Minn. App.1988). Minn.Stat. § 500.24, subd. 6 allows appellants 60 days to exercise their right of first refusal.

■ If the evidence supports the trial court's finding that appellants are entitled to a first refusal offer, the trial court has abused its discretion by denying appellants' motion for specific performance of their right. We remand so that the trial court may resolve the issue of damages, if any, that respondent may sustain as a result of appellants' exercise of their right of first refusal.

In *Doughty Appliance, Inc. v. White*, 282 Or. 757, 580 P.2d 186 (1978), the Oregon Supreme Court held that in a lawsuit brought by a lessee against a lessor and prospective purchasers to enforce the right of first refusal, the trial court did not abuse its discretion by awarding specific performance to the lessee and damages to the prospective purchasers to compensate them for property improvements made during their occupancy.

## DECISION

We remand to allow the trial court to make findings on the issue of whether or not Big Meadow was a family farm entity and whether appellants were family farmers. In the event the trial court finds that Big Meadow is a family farm entity, appellants may exercise their right of first refusal under the statute. The trial court must then determine the issue of damages.

Reversed and remanded.

FORSBERG, Judge (dissenting):

I respectfully dissent. The majority treats the Lilyerds as immediately preceding owners of the farmland in question when, in fact, Big Meadow Ranch, Inc. was the preceding owner. The Lilyerds are shareholders of Big Meadow.