*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1648**

Larry Grimlie,
Appellant,

vs.

Mohamed El Deeb,
Respondent

**Filed May 31, 2016
Affirmed
Worke, Judge**

Wright County District Court
File No. 86-CV-14-1355

Larry Grimlie, Monticello, Minnesota (pro se appellant)

Todd P. Young, Roseville, Minnesota (for respondent)

Considered and decided by Worke, Presiding Judge; Halbrooks, Judge; and Smith, Tracy, Judge.

# UNPUBLISHED OPINION

**WORKE**, Judge

Appellant argues that the district court erred in denying him recovery for preparing an estimate for repairs to respondent's property. We affirm.

# FACTS

Respondent Mohamed El Deeb owns Bolton Buffalo Farm. From 2008-2011, he also leased another farm, Waverly Stallion Station Ranch.

*Horse shelters and bale feeders at Waverly*

El Deeb purchased two horse shelters and two bale feeders from appellant Larry Grimlie to keep at Waverly. In 2010, El Deeb asked Grimlie to repair the shelters and feeders. The parties agreed on pricing, and Grimlie removed the shelters and feeders from Waverly to repair them. Grimlie thereafter refused to return El Deeb's property. In early 2012, Grimlie sold El Deeb's shelters and feeders to a third party.

*Windstorm damage at Buffalo Farm*

On October 26, 2010, a windstorm caused damage at Buffalo Farm. El Deeb filed a claim with his insurer, Chubb Insurance. Grimlie submitted a bid. Chubb agreed to pay for repairs based on Grimlie's estimate. But nobody made any representation to Chubb that Grimlie was contracted to do the repairs; in fact, Chubb requested that El Deeb obtain more than one bid, and told him to "use the contractor of [his] choice." El Deeb entered into a written contract with AA Contracting, Inc.

*Complaint*

In March 2014, Grimlie filed a complaint, alleging that El Deeb contracted with him to prepare the estimate and make the repairs and then breached their contract by hiring a different contractor. El Deeb filed a counterclaim seeking reimbursement for the shelters and feeders.

Following a court trial, the district court concluded that Grimlie failed to show that he and El Deeb entered into an agreement regarding the contracting bid. The district court dismissed Grimlie's complaint because El Deeb was entitled to request multiple bids, was not obligated to accept a particular bid, and credibly testified that he chose AA over Grimlie because it is a licensed contractor and Grimlie is not. The district court also concluded that El Deeb established that Grimlie converted the shelters and feeders by selling them to a third party after Grimlie did not receive the contracting bid. This appeal follows.

## DECISION

*Contract*

Grimlie first argues that the estimate he prepared for the storm-damage repairs at Buffalo Farm was a legal contract.

The existence of a contract is a question of fact to be determined by the fact-finder. *Morrisette v. Harrison Int'l Corp.*, 486 N.W.2d 424, 427 (Minn. 1992). An appellate court will not set aside findings of fact unless they are clearly erroneous. Minn. R. Civ. P. 52.01. "Findings of fact are clearly erroneous only if the reviewing court is left with the definite and firm conviction that a mistake has been made." *Fletcher v. St. Paul Pioneer Press*, 589 N.W.2d 96, 101 (Minn. 1999) (quotation omitted); *see Rogers v. Moore*, 603 N.W.2d 650, 656 (Minn. 1999) (stating that if there is reasonable evidence tending to support the district court's findings of fact, an appellate court will not reverse those findings).

Here, the district court found that the parties never entered into a written contract. Grimlie concedes that it was El Deeb's "verbal request" that created the contract. The district court found that Grimlie merely submitted a bid, and concluded that an unsuccessful bidder is not entitled to damages. *See Tel. Assocs., Inc. v. St. Louis Cty. Bd.*, 364 N.W.2d 378, 382 (Minn. 1985) (stating that the general rule is that an unsuccessful bidder is not entitled to damages). The district court was correct.

A contractor's bid is an offer. 1 Samuel Williston, *Williston on Contracts* § 4:10, 338-39 (Richard A. Lord ed., 4th ed. 1990) (stating general rule that bid is considered an offer). But El Deeb did not accept Grimlie's offer. El Deeb requested several bids and testified that he chose a contractor licensed to build homes, something that Grimlie is not licensed to do. El Deeb entered into a contract with AA, demonstrating his rejection of Grimlie's offer. Grimlie's estimate may have been used by Chubb to determine the reasonable cost of the repairs, but any contract for the repairs would have been between Grimlie and El Deeb, not Grimlie and Chubb. *Cf. Holman Erection Co. v. Orville E. Madsen & Sons, Inc.*, 330 N.W.2d 693, 695 (Minn. 1983) (stating that no contract is formed between a general and subcontractor when the general contractor merely lists the subcontractor in a bid).

Grimlie raises a promissory-estoppel argument for the first time on appeal. Because Grimlie did not raise this theory in district court, we decline to address it. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (stating that appellate courts do not address issues or theories not raised in district court).

Grimlie also claims that repairing the shelters and feeders was part of the performance of the contract for the storm-damage repairs. But the evidence shows that El Deeb's shelters and feeders that Grimlie agreed to repair had no connection to the damage at Buffalo Farm. Thus, Grimlie's assertion is baseless.

*Unjust enrichment*

Grimlie also argues that El Deeb was unjustly enriched "by retaining the overhead and profit due" him. This court reviews a denial of an unjust-enrichment claim, which is an equitable remedy, for an abuse of discretion. *ServiceMaster of St. Cloud v. GAB Bus. Servs., Inc.*, 544 N.W.2d 302, 305 (Minn. 1996) (stating that unjust enrichment is an equitable remedy); *City of Cloquet v. Cloquet Sand & Gravel, Inc.*, 312 Minn. 277, 279, 251 N.W.2d 642, 644 (1977) (stating standard of review for equitable relief).

A party succeeds on an unjust-enrichment claim when he establishes that (1) a person received something of value, (2) the recipient was not entitled to the thing of value, and (3) it would be unjust to allow the recipient to retain the benefit. *Schumacher v. Schumacher*, 627 N.W.2d 725, 729 (Minn. App. 2001). Generally, an unjust-enrichment claim does not lie simply because a party benefits from the efforts of another; instead, "it must be shown that a party was unjustly enriched in the sense that the term unjustly could mean illegally or unlawfully." *First Nat'l Bank of St. Paul v. Ramier*, 311 N.W.2d 502, 504 (Minn. 1981) (quotation omitted); *see Park-Lake Car Wash, Inc. v. Springer*, 394 N.W.2d 505, 514 (Minn. App. 1986) (stating that "unjust" can also mean "unconscionable by reason of a bad motive").

Here, Grimlie prepared an estimate and Chubb paid El Deeb's claim. But Chubb did not pay El Deeb's claim because Grimlie prepared an estimate. Nothing in the record shows that El Deeb was unjustly enriched because Grimlie prepared an estimate that Chubb used to determine the reasonableness of the cost of the repairs.

**Affirmed.**