**Sundramoorthy
PATHMANATHAN, Appellant,**

v.

**ST. CLOUD STATE UNIVERSITY, et
al., Respondents.**

No. C4–90–1248.

Court of Appeals of Minnesota.

Oct. 30, 1990.

Joseph B. Marshall, Morgan Allen Godfrey, Marshall and Associates, P.A., St. Paul, for appellant.

Hubert H. Humphrey, III, Atty. Gen., James Patrick Barone, Sp. Asst. Atty. Gen., St. Paul, for respondents.

Considered and decided by DAVIES, P.J., and LANSING and LOMMEN,* JJ.

## OPINION

LANSING, Judge.

This is an action under the Minnesota government data practices act, Minn.Stat. §§ 13.01–.90 (1990), to compel disclosure of information gathered by a government agency during a background investigation conducted in connection with an employment application. The trial court granted summary judgment on the request for a complete, unedited copy of the material in the agency's physical possession, but denied access to the materials retained by the investigator. We conclude that the physical possession distinction is not recognized by the statute and the undisputed facts require disclosure of the information. Reversed and remanded.

## FACTS

Sundramoorthy Pathmanathan, a student at St. Cloud State University, was employed by the university as acting Director of Security and Parking Operations when he applied for the permanent position of director in mid–1989. The university's search committee recommended Pathmanathan for the job, pending investigation of his background.

The university hired a private investigator, Robert McConnell, to look into and report on Pathmanathan's background. After receiving McConnell's letter reports, the university chose to reopen the application process. When Pathmanathan was informed of this decision he requested access to all information gathered by McConnell. The university permitted access only to McConnell's letter reports and denied access to McConnell's tape recording and field notes. Substantial portions of the letter reports were omitted or obliterated, a process referred to as "redacting."

The trial court granted summary judgment on Pathmanathan's claim for unredacted reports, but denied his request for the tape recordings and field notes made and retained by McConnell. The university did not appeal the ruling requiring production of the unredacted reports.

## ISSUE

Did the trial court err, as a matter of law, by refusing to require disclosure under Minn.Stat. §§ 13.01–.90 of tape recordings and other material prepared by, and in the possession of, the university's private investigator?

## ANALYSIS

### I

■ Government data which is collected, created, received, maintained or disseminated by a state agency is public unless classified as nonpublic or protected nonpublic, or as private or confidential. Minn.Stat. § 13.03, subd. 1 (1990). Government data is broadly defined as

> all data collected, created, received, maintained or disseminated by any state agency, political subdivision, or statewide system regardless of its physical form, storage media or conditions of use.

Minn.Stat. § 13.02, subd. 7.

■ Individuals who are the subjects of government data are generally permitted access to that information, whether it is public or private. *See* Minn.Stat. § 13.04, subd. 3. "Personnel data," which is defined as including "data on individuals collected because the individual is or was an employee of or an applicant for employment by * * * a state agency," is classified as either public or private, depending on

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

the characteristics of the information. *See* Minn.Stat. § 13.43.

The trial court found that most of the materials requested by Pathmanathan were discoverable personnel data, and the university does not dispute that finding. The court concluded, however, that the tape recordings and field notes were not government data because they were never in the university's possession. The university's argument in support of that decision rests on the language of § 13.02. The university maintains that the actions which make the data public require physical possession of the materials.

■ The construction of the statute is a question of law and courts must adhere to the statute's clear language, unless doing so would be inconsistent with the legislature's manifest intent. *See Kugling v. Williamson*, 231 Minn. 135, 42 N.W.2d 534 (1950). No Minnesota appellate court has determined whether the government agency's physical possession is required for records to be classified as government data.

■ The statute does not explicitly require the agency's physical possession. As the facts of this case demonstrate, it is possible for the government to own data that is "created" or "maintained" for government purposes by a private entity. Construing the statutory language narrowly to exclude materials created or maintained by an agent would frustrate the statutory purpose of allowing access to governmental records.

Under the standard-form contract between the university and McConnell, the university had exclusive ownership rights to the materials prepared by McConnell. Paragraph X of the contract specifically provided:

> Any reports, studies, photographs, negatives, or other documents prepared by CONTRACTOR in the performance of its obligations under this contract shall be the exclusive property of the UNIVERSITY and all such materials shall be remitted to the UNIVERSITY by CONTRACTOR upon completion, termination or cancellation of this contract.

■ We recognize that legitimate privacy interests of an individual or organization dealing with the government may sometimes preclude disclosure of materials gathered in connection with governmental work. *See, e.g., Forsham v. Harris*, 445 U.S. 169, 100 S.Ct. 977, 63 L.Ed.2d 293 (1980) (written data created, owned, and possessed by a grantee of federal funds did not constitute "agency records" under the Freedom of Information Act). These interests are not at stake, however, when the contract between the government and the private party establishes that the subject material is government property.

When, as here, the government agency's ownership of the materials is clear and undisputed, a threshold requirement of "physical possession" invites arbitrary application which would be at odds with the statute. The same disclosure responsibility should apply to information retained by the private agent as to information in the hands of the public agency.

## II

Minn.Stat. § 13.08, subd. 4 (1990) provides, in part:

> [A]ny aggrieved person may bring an action in district court to compel compliance with this chapter and may recover costs and disbursements, including reasonable attorney's fees, as determined by the court.

Pathmanathan argues that, under this section, a party who brings suit and prevails must be awarded reasonable attorney's fees and costs.

■ The statute does not expressly mandate that a prevailing party be awarded fees and costs. The discretionary language cannot reasonably be read to require an award of attorney's fees. *See Doe v. State Bd. of Medical Examiners*, 435 N.W.2d 45 (Minn.1989). Generally, the trial court's discretionary award or denial of attorney's fees will not be reversed absent an abuse of that discretion. *See Becker v. Alloy Hardfacing & Engineering Co.*, 401 N.W.2d 655, 661 (Minn.1987). The trial court did not state the reasons for denying

attorney's fees, and it is unclear whether our reversal on the second prong of Pathamanathan's request would influence the trial court's decision on attorney's fees. For that reason we remand to the trial court on that issue.

Pathmanathan also requests attorney's fees and costs incurred on appeal. Because the university's argument that the definition of government data requires physical possession was a plausible, though incorrect, interpretation of the statute, we deny the request for fees on appeal.

## DECISION

The trial court erred in interpreting "government data" to exclude information because it is not in the physical possession of the government agency. Because the university owned the tape recordings and field notes in McConnell's possession, we hold that these materials were government data and should have been disclosed to Pathmanathan. We reverse the summary judgment awarded to the university and order that judgment be entered for Pathmanathan. We also remand to allow the trial court to clarify its denial of attorney's fees and costs.

Reversed and remanded.