Carol McCLAINE, Relator,

v.

INDEPENDENT SCHOOL DISTRICT NO. 16, SPRING LAKE PARK, Minnesota, Respondent.

No. C2-93-128.

Court of Appeals of Minnesota.

July 27, 1993.

Roger A. Peterson, Scott A. Higbee, Peterson, Engberg, & Peterson, Minneapolis, relator.

Joseph E. Flynn, Marie C. Skinner, Knutson, Flynn, Hetland, Deans, & Olsen, P.A., St. Paul, for respondent.

Considered and decided by SCHUMACHER, P.J., and NORTON and PETERSON, JJ.

## OPINION

PETERSON, Judge.

On a writ of certiorari from the refusal of the School Board of Independent School District No. 16 to act, Carol McClaine argues the Board erred in refusing to rescind her agreement with the District when she was not given notice of her right to rescind a waiver or release of a human rights act claim. We affirm.

## FACTS

Relator Carol McClaine is employed by respondent, Independent School District No. 16, as a continuing contract tenured teacher. During the 1990–1991 school year, McClaine taught full time. In the spring of 1991, the District notified McClaine that due to financial considerations, she would be assigned to .47 of a full-time position and placed on unrequested leave of absence for .53 of a full-time position for the 1991–1992 school year. McClaine objected to this assignment and requested a hearing.

Before McClaine's hearing was held, the parties negotiated an agreement whereby McClaine was assigned to .8 of a full-time position and placed on unrequested leave for .2 of a full-time position. In July 1991, the parties signed a document that stated their agreement. The agreement provided:

> In consideration of these understandings, the Employee hereby withdraws her request for a hearing and acquiesces in her placement on unrequested leave of absence for .2 of a full-time position.

The document contained no reference to a discrimination claim, but McClaine now claims the decision to place her on partial unrequested leave of absence constituted age and sex discrimination because the District could have placed a younger, male, probationary teacher on unrequested leave by realigning teaching positions.

In the fall of 1991, the District hired four new teachers for positions that McClaine arguably was qualified to fill. McClaine filed a grievance arguing the District violated the union contract by failing to recall her to one of these positions. This dispute went to arbitration.

In December 1991, January 1992, and February 1992, McClaine demanded that the District set aside the July 1991 agreement and reinstate her to a full-time position with back pay because the failure to inform her in writing of the right under Minn.Stat. § 363.031, subd. 2 (1990) to rescind a waiver or release of rights or remedies secured by chapter 363 rendered the entire agreement void. The Board placed

McClaine's demand on its March 1992 meeting agenda, but took no action. McClaine appealed the Board's refusal to act in the spring of 1992, but the appeal was dismissed as premature due to the pending arbitration.

In October 1992, the arbitrator determined the District did not act improperly in refusing to recall McClaine to one of the four positions. The arbitrator also specifically declined to address or decide McClaine's discrimination claim or her claim that the entire July 1991 agreement was void because she was not given notice of her right to rescind a waiver or release of a human rights act claim.

After the arbitrator filed his decision, McClaine twice demanded that the District rescind the July 1991 agreement, reinstate her to a full-time position, and award her back pay because the failure to notify her of the right to rescind a waiver or release of a human rights act claim invalidated the agreement. When the Board refused to take any action, McClaine filed a petition for a writ of certiorari from the Board's refusal to act.

### ISSUE

Did the failure to inform McClaine in writing of the right under Minn.Stat. § 363.031, subd. 2 (1990) to rescind a waiver or release of rights or remedies secured by chapter 363 invalidate her agreement with the District?

### ANALYSIS

We will reverse a school board's decision only "when it is fraudulent, arbitrary, unreasonable, unsupported by substantial evidence, not within its jurisdiction, or based on an error of law." *Dokmo v. Independent Sch. Dist. No. 11*, 459 N.W.2d 671, 675 (Minn.1990). We are not bound by a school board's decision regarding a question of law. *See St. Otto's Home v. Minnesota Dep't of Human Servs.*, 437 N.W.2d 35, 39–40 (Minn.1989) (reviewing courts are not bound by agency decision regarding question of law). Statutory interpretation is a question of law. *Id.* at 39.

The object of statutory interpretation is to determine and give effect to the intent of the legislature. Minn.Stat. § 645.16 (1990). "[C]ourts must adhere to the statute's clear language, unless doing so would be inconsistent with the legislature's manifest intent." *Pathmanathan v. St. Cloud State Univ.*, 461 N.W.2d 726, 728 (Minn. App.1990); Minn.Stat. § 645.16.

Minn.Stat. § 363.031, subd. 2 (1990) provides:

A waiver or release of rights or remedies secured by this chapter which purports to apply to claims arising out of acts or practices prior to, or concurrent with, the execution of the waiver or release may be rescinded within 15 calendar days of its execution * * *. A waiving or releasing party shall be informed in writing of the right to rescind the waiver or release.

Although McClaine has not cited any language in the agreement that constitutes a waiver or release of rights or remedies secured by chapter 363, she argues the entire agreement between her and the district is void because, at the time the agreement was signed, she had a potential discrimination claim and was not informed in writing of her right to rescind a waiver or release of rights or remedies secured by chapter 363. Because the agreement is void, she argues, she did not withdraw her request for a hearing under Minn.Stat. § 125.12, subd. 6b(j) (1990) nor acquiesce in her placement on unrequested leave of absence. Therefore, she was improperly placed on unrequested leave and must be reinstated with full backpay.

The parties agree McClaine was not given notice of the right to rescind a waiver or release of a human rights act claim. However, under Minn.Stat. § 363.-031, subd. 2, only, "[a] waiving or releasing party shall be informed in writing of the right to rescind the waiver or release." The phrase "[a] waiving or releasing party" refers only to a party waiving or releasing a right or remedy secured by chapter 363. By signing the agreement and withdrawing her hearing request, McClaine did not waive or release any rights or reme-

dies secured by chapter 363. She waived her right to a hearing before being placed on unrequested leave, a right secured by Minn.Stat. § 125.12, subd. 6b(j), not by chapter 363.

■ Minn.Stat. § 363.031, subd. 2 does not give McClaine a right to rescind her waiver of her right to a hearing under Minn.Stat. § 125.12, subd. 6b(j). The right to rescind a waiver or release under Minn. Stat. § 363.031, subd. 2 extends only to a waiver or release of rights or remedies secured by chapter 363. *Accord Spitzmueller v. Burlington N. R.R.,* 740 F.Supp. 671, 679 (D.Minn.1990) (Minn.Stat. § 363.031, subd. 2 rescission provision applies only to claims arising under that chapter).

**DECISION**

The failure to inform McClaine in writing of the right under Minn.Stat. § 363.031, subd. 2 (1990) to rescind the waiver or release of rights or remedies secured by chapter 363 did not invalidate the agreement of the parties because the agreement did not contain a waiver or release of rights or remedies secured by chapter 363.

**Affirmed.**