The COUNTY OF DAKOTA (C.P.46–06), Petitioner, Respondent,

v.

CITY OF LAKEVILLE, et al., Lower Court Respondents,

Frank H. Rechtzigel, et al., Appellants.

Nos. C7–96–1547, C7–96–1550.

Court of Appeals of Minnesota.

March 11, 1997.

---

Brian J. Peterson, Minneapolis, for Appellants.

Gene Rechtzigel, Lakeville, Appellant Pro Se.

James C. Backstrom, County Attorney, Michael R. Ring, Assistant County Attorney, Hastings, for Respondent.

Considered and decided by WILLIS, P.J., and PARKER and PETERSON, JJ.

## OPINION

PETERSON, Judge.

In these consolidated condemnation, Minnesota Environmental Rights Act, and Minnesota Environmental Policy Act cases, appellants argue the district court erred in finding the taking of their property served a public purpose and was necessary, and in dismissing their environmental claims for lack of jurisdiction. We affirm.

## FACTS

Respondent Dakota County authorized County Project No. 46–06, which called for realigning County Road 46 and expanding it from a two-lane to a four-lane divided road. Appellant Frank Rechtzigel lives on property that abuts the project site. Rechtzigel's wife's estate and a family trust also have ownership interests in the property. Thus, Rechtzigel appeals individually and in his capacity as the personal representative of his wife's estate and as cotrustee of the trust. Rechtzigel's son, Gene Rechtzigel, appeals in his capacity as cotrustee of the family trust.

The county completed the mandatory environmental assessment worksheet (EAW) for the project in December 1995. On December 5, 1995, the Dakota County Board of Commissioners passed a resolution determining that to secure right-of-way for the timely letting, approval, and construction of the project, it was necessary to initiate quick-take condemnation proceedings. The condemnation proceedings were started in January 1996. Part of appellants' property was included in the condemned area.

A public need hearing for the condemnation was held on February 12, 1996. The county right-of-way manager testified that the county undertook the project because existing and projected traffic levels on County Road 46 were greater than could be accommodated safely by the existing road. Appellants submitted an affidavit from Gene Rechtzigel stating that the EAW's figures for existing noise and traffic and for the projected increase in noise and traffic were too low.

The district court took the matter under advisement.

On February 12, 1996, appellants initiated an action, seeking a declaratory judgment that the project violated the Minnesota Environmental Rights Act (MERA) because noise levels on County Road 46 exceeded state noise standards and would continue to do so after the project's completion. Appellants also sought review of the project under Minn. Stat. § 116D.04, subd. 10 (1994), arguing that the Minnesota Environmental Policy Act (MEPA) required completion of an environmental impact statement (EIS) for the project. Finally, appellants sought an injunction prohibiting the county from starting construction on the project. The county served and filed its answer on February 27, 1996.[1]

On February 20, 1996, the Board passed a resolution stating that based on the information gathered during the EAW process, it had determined that an EIS was unnecessary. On March 22, 1996, appellants moved to amend the complaint in their declaratory judgment action to add a MEPA claim and another claim based on the Board's decision not to prepare an EIS. Appellants also moved for summary judgment in the declaratory judgment action.

On March 28, 1996, appellants published notice of their MERA action in a local newspaper. On this same day, the district court issued an order in the condemnation proceeding determining that the proposed taking served a public purpose and was necessary for the reasons testified to by the county right-of-way manager at the public need hearing. The court authorized the quick-take condemnation of appellants' land. The court, however, stayed its order pending a ruling on appellant's motion for summary judgment in the declaratory judgment action.

On May 1, 1996, the district court dismissed appellants' MERA and MEPA claims for lack of subject matter jurisdiction. The court determined that appellants were statutorily required to publish legal notice of their MERA action within 21 days after commencing the action; that appellants had failed to do so; and that the court therefore lacked jurisdiction to hear the MERA claim. The court also determined that appellants were statutorily required to commence their MEPA action within 30 days after the Board's EIS decision; that appellants had brought their MEPA claim before the Board's decision; and that the court therefore lacked jurisdiction over the MEPA claim. The district court did not decide appellants' motion to amend their complaint.

Appellants moved for amended findings or a new trial. The district court denied the motion and again did not discuss appellants' motion to amend their complaint. The district court then lifted the stay of the order in the condemnation case. The condemnation and declaratory judgment cases were consolidated on appeal.

### ISSUES

I. Did the district court err in finding a public need and necessity for the condemnation?

II. Did the district court err in dismissing the MERA and MEPA claims for lack of subject matter jurisdiction?

### ANALYSIS

#### I.

 Our scope of review in a condemnation case is very narrow. *City of Duluth v. State,* 390 N.W.2d 757, 763 (Minn.1986). We review only whether the taking serves a public purpose and is necessary. *Id.* at 763, 764.

> "Courts may interfere only when the [public body's] actions are * * * taken capriciously, irrationally, and without basis in law or under conditions which do not authorize or permit the exercise of the asserted power. The court is precluded from substituting its own judgment for that of the [public body] as to what may be necessary and proper to carry out the purpose of the plan."

*Id.* at 763 (quoting *Housing & Redevelopment Auth. v. Minneapolis Metro. Co.,* 259 Minn. 1, 15, 104 N.W.2d 864, 874 (1960)). The district court's decisions regarding public purpose and necessity are questions of fact that will not be reversed on appeal unless clearly erroneous. *State by Humphrey v. Byers,* 545 N.W.2d 669, 672 (Minn.App. 1996).

---

1. The declaratory judgment and condemnation actions were assigned to different judges.

Appellants argue that the district court clearly erred in finding the taking served a public purpose, given the noise levels on the road and their environmental claims. But courts broadly construe the term "public purpose." *City of Duluth*, 390 N.W.2d at 763. If there is some evidence in the record that the taking serves a public purpose, there is nothing left for the court to decide. *Id.* Here, the county right-of-way manager testified that the project was necessary to allow County Road 46 to safely accommodate traffic demands. Safe accommodation of traffic demands is a valid public purpose. *Cf. Byers*, 545 N.W.2d at 674 (taking to address flooding problem on road served public highway purpose). Given this evidence, the district court did not clearly err in determining that the taking served a public purpose.

Appellants next argue that the finding of necessity was clearly erroneous because there were viable alternatives to the project. Absolute necessity is not required in a condemnation case; it is sufficient that " 'the proposed taking is reasonably necessary or convenient for the furtherance of a proper purpose.' " *City of Duluth*, 390 N.W.2d at 764–65 (quoting *City of Pipestone v. Halbersma*, 294 N.W.2d 271, 274 (Minn. 1980)). Here, the record shows the taking was reasonably necessary or convenient to further the public purpose served by the project.

Appellants finally argue that the Board's decision to condemn their property was irrational because it was made before the environmental review process was complete. We disagree. Neither the MEPA nor the eminent domain statutes prohibit a county board from initiating condemnation proceedings to secure right-of-way for a project before the environmental review process for the project is complete. *See* Minn.Stat. §§ 116D.01–.11 (1994) (MEPA); Minn.Stat. §§ 117.011–.57 (1994 & Supp.1995) (eminent domain). The MEPA only provides that before a negative declaration is made on the need for an EIS,

a project may not be started and a final governmental decision may not be made to grant a permit, approve a project, or begin a project.

Minn.Stat. § 116D.04, subd. 2b.[2] Further, given the time constraints for the project, the Board arguably had practical reasons for initiating condemnation proceedings for the project when the EAW process was nearly complete and preliminary indications showed an EIS would be unnecessary. The district court did not err in failing to find that the Board's decision to initiate condemnation proceedings before making the final decision on the need for an EIS was irrational.

## II.

Interpretation of a statute is a question of law subject to de novo review. *Schumacher v. Ihrke*, 469 N.W.2d 329, 332 (Minn.App.1991). The object of statutory interpretation is to determine and give effect to the intent of the legislature. Minn.Stat. § 645.16 (1996). "[C]ourts must adhere to the statute's clear language, unless doing so would be inconsistent with the legislature's manifest intent." *Pathmanathan v. St. Cloud State Univ.*, 461 N.W.2d 726, 728 (Minn.App.1990).

Appellants first argue that the district court should not have considered the subject matter jurisdiction question because the county did not raise this issue until 11 days before the hearing. *See* Minn.R.Gen. Pract. 115.03(a) (dispositive motions must be served and filed at least 28 days before hearing). But subject matter jurisdiction can be raised at any time. Minn.R.Civ.P. 12.08(c); *see also Schaeffer v. State*, 444 N.W.2d 876, 879 (Minn.App.1989) (lack of subject matter jurisdiction can be raised at any time despite notice provisions for dispositive motions). Accordingly, the county's failure to make a motion to raise this issue 28 days before the hearing did not bar consideration of the issue.

### 1. MERA

Any person may maintain an action under the MERA to protect the state's natural

---

2. But the government body may take final action and the project may begin if the petition for an EAW was dismissed, an EIS was prepared and found to be adequate, or a variance from preparing an EIS was granted. Minn.Stat. § 116D.04, subd. 2b.

resources from pollution or disturbance.[3] Minn.Stat. § 116B.03, subd. 1 (1994).

> Within seven days after commencing such action, the plaintiff shall cause a copy of the summons and complaint to be served upon the attorney general and the pollution control agency. Within 21 days after commencing such action, the plaintiff shall cause written notice thereof to be published in a legal newspaper in the county in which suit is commenced, specifying the names of the parties, the designation of the court in which the suit was commenced, the date of filing, the act or acts complained of, and the declaratory or equitable relief requested. The court may order such additional notice to interested persons as it may deem just and equitable.

*Id.*, subd. 2 (1994).

■ Appellants argue that their failure to publish notice of their claim within 21 days after commencing the action did not deprive the district court of jurisdiction over the claim. We disagree. The language in Minn. Stat. § 116B.03, subd. 2, shows that published notice of the action within the 21–day time limit is mandatory. *See* Minn.Stat. § 645.44, subd. 16 (1996) (" '[s]hall' is mandatory"). Because appellants failed to comply with this requirement, they did not properly commence their action and the district court had no jurisdiction over the matter. *Cf. State by Lord v. Frisby*, 260 Minn. 70, 74–76, 108 N.W.2d 769, 772–73 (1961) (under eminent domain statute, court acquires jurisdiction over condemnation through presentation of petition to court and giving of statutory notice to interested persons); *Independent Sch. Dist. No. 194 Lakeville v. Tollefson Dev., Inc.*, 506 N.W.2d 346, 347–48 (Minn.App. 1993) (statutory requirement that appeal of condemnation award be initiated by filing notice of appeal and mailing copy of notice to all parties of record was jurisdictional), *review denied* (Minn. Nov. 16, 1993).

■ Appellants claim they substantially complied with the notice provision. A substantial compliance argument "is inapplicable to statutory requirements that are necessary to confer jurisdiction." *Id.* at 348.

**2. MEPA**

■ Appellants finally argue that the district court erred in determining their MEPA action was untimely. The MEPA provides that a decision on the need for an EIS

> may be reviewed by a declaratory judgment action in the district court * * *. Judicial review under this section shall be initiated within 30 days after the governmental unit makes the decision * * *.

Minn.Stat. § 116D.04, subd. 10. Appellants brought their MEPA action before the Board made its decision on the need for an EIS. Thus, the district court had no jurisdiction under Minn.Stat. § 116D.04, subd. 10, to hear appellants' MEPA claim.

■ Appellants argue that their MEPA action was timely because they brought an amended complaint within 30 days after the Board's EIS decision. But appellants moved to amend their complaint after the county had served its answer. After a responsive pleading has been served, a party may amend a complaint "only by leave of court or by written consent of the adverse party." Minn.R.Civ.P. 15.01. The district court did not grant appellants' motion to amend their complaint and the county did not consent to the amendment. Thus, appellants did not bring a valid amended complaint within 30 days after the Board's EIS decision.

On appeal, appellants have neither identified as error the district court's failure to rule on their motion to amend the complaint nor asked this court to remand the matter for a ruling on the motion. Accordingly, we will not consider whether the district court erred in failing to rule on appellants' motion; nor will we remand for the district court to decide the matter. *See City of Cloquet v. Cloquet Sand & Gravel, Inc.*, 312 Minn. 277, 279 n. 1, 251 N.W.2d 642, 644 n. 1 (1977) (supreme court would not consider issue when party provided only minimal explanation of contention on appeal and cited no supporting authority); *In re Irwin*, 529 N.W.2d 366, 373 (Minn.App.1995) (issue not adequately argued or briefed on appeal deemed waived), *review denied* (Minn. May 16, 1995).

---

**3.** The MERA has been used successfully to stop highway expansion projects similar to County Project 46–06. *See, e.g., McGuire v. County of*

*Scott,* 525 N.W.2d 583 (Minn.App.1994), *review denied* (Minn. Mar. 14, 1995).

## DECISION

The district court's findings that the condemnation served a public purpose and was necessary were not clearly erroneous. The published notice requirement in Minn.Stat. § 116B.03, subd. 2, is jurisdictional. Because appellants failed to publish notice of their MERA action within 21 days after commencing the action, the district court had no jurisdiction to hear this claim. Because appellant's MEPA action was brought before the Board made a negative EIS declaration, the district court had no jurisdiction to hear this claim. We will not consider whether the district court erred in failing to decide appellants' motion to amend their complaint nor remand for a decision on this matter because appellants failed to raise this issue on appeal.

**Affirmed.**