### In the Matter of the WELFARE OF R.W.

No. C4–97–1936.

Court of Appeals of Minnesota.

March 17, 1998.

Simon C. George, Frazee, for appellant.

Michael D. Fritz, Assistant Becker County Attorney, Detroit Lakes, for respondent.

Mary M. Haney, Detroit Lakes, for child.

Considered and decided by AMUNDSON, P.J., and SHORT and FOLEY, JJ.

## OPINION

DANIEL F. FOLEY, * Judge.

The mother of a child adjudicated in need of protection or services appeals from a juvenile court order granting Becker County's petition to extend juvenile court jurisdiction over the child until the child becomes nineteen years of age. We affirm.

## FACTS

The facts in this case are undisputed. On January 12, 1996, R.W. was adjudicated a child in need of protection or services on the basis that he was

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn.Const.

without the special care made necessary by a physical, mental, or emotional condition because the child's parent, guardian, or custodian is unable or unwilling to provide that care.

Minn.Stat. § 260.015, subd. 2a(4) (1996). The court ordered the child placed in long-term foster care, which is a form of "permanent placement." Minn.Stat. § 260.191, subd 3b(3) (1996). Becker County Human Services filed a petition seeking an extension of juvenile court jurisdiction over the child until the child reaches 19 years of age. The court conducted a hearing on September 9, 1997, and granted the petition. The child's mother appealed.

## ISSUE

Does Minn.Stat. § 260.181, subd. 4(a) (1996), which provides for extension of juvenile court jurisdiction until an individual reaches age 19, apply to children who are subject to juvenile court jurisdiction as children in need of protection or services?

## ANALYSIS

Appellant contends that the statute addressing a court's discretionary authority to extend juvenile court jurisdiction until an individual becomes 19 years of age does not apply generally to all individuals subject to juvenile court jurisdiction. Instead, appellant asserts that this extension provision only applies to individuals who are subject to juvenile court jurisdiction in delinquency matters involving probation.

Interpretation of a statute is a question of law subject to de novo review. *County of Dakota v. City of Lakeville*, 559 N.W.2d 716, 720 (Minn.App.1997).

When interpreting a statute, a court must give effect to the intention of the legislature. *NewMech Cos. v. Independent Sch. Dist. No. 206*, 540 N.W.2d 801, 806 (Minn.1995). A court must follow the plain meaning of the words of a statute when they are sufficient in and of themselves to determine the purpose of the legislation and must

art. VI, § 10.

reject a construction that leads to absurd or unreasonable results that utterly depart from the purpose of the statute. *Wegener v. Commissioner of Revenue*, 505 N.W.2d 612, 617 (Minn.1993).

In regard to the duration of juvenile court jurisdiction, the statute governing dispositions in general specifically provides:

Subd. 4. Termination of Jurisdiction. (a) The court may dismiss the petition or otherwise terminate its jurisdiction on its own motion or on the motion or petition of any interested party at any time. Unless terminated by the court, and except as otherwise provided in this subdivision, the jurisdiction of the court shall continue until the individual becomes 19 years of age if the court determines it is in the best interest of the individual to do so. Court jurisdiction under section 260.015, subdivision 2a, clause (12), may not continue past the child's 17th birthday.

Minn.Stat. § 260.181, subd. 4(a) (1996).

Appellant notes that the other subsections of subdivision 4, 4(b)-(e), all address the jurisdiction of the juvenile court in delinquency or criminal matters, and asserts that 4(a) should be interpreted in conjunction with them to imply a restriction in 4(a) that it only apply in similar matters.

Appellant also asserts that the absence of the word "child" from subdivision 4(a) indicates that the extension does not apply to cases involving a child adjudicated in need of protection or services (CHIPS cases). The implicit argument is that the extension provision only applies to cases involving individuals who are not children, that is, who are eighteen years of age or older.

The only exception expressly provided in subdivision 4(a) to the court's discretion to extend juvenile court jurisdiction until an individual reaches age 19 is for a child adjudicated in need of protection or services on the basis that he or she is an habitual truant. Minn.Stat. §§ 260.015, subd. 2a(12) (1996); 260.181, subd. 4(a).

Appellant contrasts subdivision 4(a) with three other statutes. First, appellant finds it significant that the jurisdiction statute for cases involving children who are delinquent, in need of protection or services, or neglected and in foster care only provides for juvenile court jurisdiction over a "child," not an "individual." Minn.Stat. § 260.111, subd. 1 (1996).

Second, appellant notes that the definitions statute defines "child" as an "individual under 18 years of age and includes any minor alleged to have been delinquent or a juvenile traffic offender prior to having become 18 years of age." Minn.Stat. § 260.015, subd. 2 (1996).

Third, appellant relies on the statute governing dispositions in CHIPS cases.

Subject to subdivisions 3a and 3b, all orders under this section shall be for a specified length of time set by the court not to exceed one year. However, before the order has expired and upon its own motion or that of any interested party, the court shall, after notice to the parties and a hearing, renew the order for another year or make some other disposition of the case, until the individual is no longer a minor. Any person to whom legal custody is transferred shall report to the court in writing at such periods as the court may direct.

Minn.Stat. § 260.191, subd. 2 (1996).

Appellant contends that this subdivision's specific provision that orders may be renewed until the individual is no longer a minor establishes that jurisdiction in any CHIPS case ends when a child reaches eighteen years of age and that jurisdiction is not subject to extension under the termination of jurisdiction provision of the statute governing dispositions generally. *See* Minn.Stat. §§ 260.181, subd. 4(a) (jurisdiction in general); 260.191, subd. 2 (duration of orders in CHIPS cases).

Appellant also addresses the subdivision of the statute governing dispositions of CHIPS cases that pertain to permanent placements and again finds it significant that the subdivision only refers to children. Minn.Stat. § 260.191, subd. 3b(a) (1996).

Respondent contends that appellant's reliance on the legislature's use of the word "individual," rather than "child," is misplaced and that nothing about the statute indicates that it would not apply in CHIPS cases generally, except for those involving children found in need of protection or services for

habitual truancy, which are expressly limited. Minn.Stat. §§ 260. 015, subd. 2a(12), 260.181, subd. 4(a).

On a plain reading of the statute at issue, the language providing for extension of jurisdiction until an individual reaches age 19 is immediately followed by an exception limiting jurisdiction to age 17 for children in CHIPS cases that arise from a child's habitual truancy. Because habitual truancy is one of 13 enumerated bases for finding a child in need of protection or services, and is the only one singled out for a limitation on jurisdiction after the language providing for extension, the CHIPS cases arising under any of the other 12 bases would be subject to the jurisdiction extension language under the most logical reading of the statute.

If the legislature intended to exclude all CHIPS cases generally from the provision allowing for juvenile court jurisdiction to extend until a child reaches age 19, it would logically have done so immediately after the extension language, at the same time it included the exception for CHIPS cases arising on the basis of habitual truancy.

### DECISION

The trial court had authority to extend juvenile court jurisdiction over the child at issue in this case until the child reaches 19 years of age.

**Affirmed.**